PER CURIAM.
The wife appeals a supplemental final judgment in a dissolution proceeding adjudicating that she was indebted to the husband in the amount of $15,277.51, and that the husband recover that sum with interest from January 7, 1982.
The trial judge announced his oral ruling on January 7, 1982. However, the written supplemental final judgment was not filed with the clerk of the circuit court until November 24, 1982. Interest on a judgment does not begin to run until the judgment is entered and even a written judgment which has been signed by the court is not “entered” until it has been filed with the clerk. See Chester, Blackburn & Roder, Inc. v. Marchese, 383 So.2d 734 (Fla. 3d DCA 1980), and McNitt v. Osborne, 371 So.2d 696 (Fla. 3d DCA 1979). Accordingly, interest on the judgment should not have begun to run until November 24, 1982.
Paragraph three of the decretal portion of the supplemental final order is amended to read as follows:
3. That John R. Merchant shall recover from Johnnie Pippin Merchant the sum of $15,277.51 with interest from November 24, 1982 at the legal rate, for which let execution issue.
The supplemental final judgment as amended is AFFIRMED.
ERVIN, THOMPSON and WIGGINTON, JJ., concur.