HOBSON, Acting Chief Judge.
David Gorman, trustee in bankruptcy for International Glass and Manufacturing Co., Inc., appeals two orders rendered by the trial court upon remand from an earlier appeal, Largo Hospital Owners, Ltd. v. International Glass & Manufacturing Co., 410 So.2d 518 (Fla. 2d DCA 1982). The orders 1) awarded Chanen Construction Company attorney fees against International Glass and 2) denied International Glass interest from the date of an earlier money judgment against Largo Hospital Owners, Ltd., as modified by us in the prior appeal. We affirm the first order and reverse the second.
With respect to the first order, we held in the earlier appeal that Chanen Construction was entitled under a contract with International Glass to recover attorney fees for services rendered by Chanen Construction’s attorneys in defending against a cause of action brought by International Glass. Since that holding became the law of the case, the trustee is precluded from arguing again on this appeal that Chanen Construction is not entitled to such fees. See Airvac, Inc. v. Ranger Insurance Co., 330 So.2d 467 (Fla.1976); Department of Transportation v. Florida East Coast Railway, 275 So.2d 289 (Fla. 3d DCA 1973). As for the amount of attorney fees awarded Chanen Construction upon remand, $37,500, we find upon an examination of the record that the trial court did not abuse its discretion in granting such a sum. Robertson v. Robertson, 106 So.2d 590 (Fla. 2d DCA 1958); In re Estate of Griffis, 399 So.2d 1048 (Fla. 4th DCA 1981).
Regarding the second order, we vacated in the prior appeal the original money judgment entered in International Glass’ favor against Largo Hospital Owners and remanded in order that the trial court could file an amended judgment which omitted prejudgment interest and reduced the principal by the amount of a previously agreed upon set-off. We agree with the trustee’s contention that the court erred upon remand in not granting International Glass interest on the modified judgment from the date that the original judgment was rendered. As held by our sister court in Gilmore v. Morrison, 341 So.2d 779, 780 (Fla. 4th DCA 1977):
[Wjhere a money judgment has been modified on appeal and the only action necessary in the trial court is compliance with the mandate of the appellate court, interest on the judgment as modified *874 runs from the date of the original judgment.
See also Atlantic Coast Line Railroad v. Watkins, 99 Fla. 395, 126 So. 489 (1930); Novack v. Novack, 210 So.2d 215 (Fla.1968). See generally 32 Fla.Jur.2d Interest and Usury § 9 (1981).
Accordingly, we affirm the order awarding Chanen Construction attorney fees, reverse the order denying interest to International Glass on the modified judgment from the date of the original judgment, and remand with directions that the trial court award interest from the date of the original judgment as allowed by section 55.03, Florida Statutes (1979).
AFFIRMED in PART, REVERSED in PART, and REMANDED.
BOARDMAN and SCHEB, JJ., concur.