438 So.2d 937 (1983)
Mae E. MABREY and J.D. Mabrey, Appellants,
v.
CARNIVAL CRUISE LINES, INC., Appellee.
No. 83-151.
District Court of Appeal of Florida, Third District.
October 4, 1983.
Cone, Wagner, Nugent, Johnson, Hazouri & Roth and Richard A. Kupfer, West Palm Beach, for appellants.
Katz, Squitero & Linden and Anthony H. Pelle, Miami, for appellee.
Before HUBBART, DANIEL S. PEARSON and FERGUSON, JJ.
FERGUSON, Judge.
Appellants, plaintiffs in the trial court, claim by this appeal that the lower court erred in directing a verdict for the defendant at the conclusion of a jury trial.
*938 Plaintiffs, Mae E. Mabrey and J.D. Mabrey, were passengers on defendant's luxury vessel, the "TSS Festivale". Mrs. Mabrey suffered injuries when she slipped and fell while on the observation deck of the ship. She brought suit against defendant cruise line claiming negligence, and her husband joined in the action seeking damages for loss of consortium and medical expenses.
Plaintiffs alleged that defendant's negligence was the proximate cause of Mrs. Mabrey's injuries in that defendant (1) failed to use a non-skid surface for the deck where passengers frequently walk and where moisture accumulates; (2) failed to coat the deck with a paint that would prevent it from becoming slippery when wet; and (3) failed to have a handrail in the vicinity of the observation deck. Defendant moved for a directed verdict at the close of plaintiffs' case, arguing that there was no evidence to show how the deck became wet or how long it was wet before plaintiff's accident; that the defendant did post warning signs; and that no one else ever reported slipping on this deck. Further, defendant argued that there was no competent evidence to show that defendant knew, or should have known, of the allegedly dangerous condition. The court reserved ruling on defendant's motion, and allowed defendant to present its case before submitting the issue to the jury. After the jury retired, the court orally announced that it would grant defendant's motion for directed verdict but, for appellate purposes, it would allow the jury to reach a verdict.[1] The jury's verdict found defendant 100% negligent and awarded Mrs. Mabrey $80,000 in damages. No damages were awarded to Mr. Mabrey. The court then directed a verdict and entered judgment for the defendant in accordance with its earlier pronouncement. This appeal follows.
Plaintiffs claim that the trial court committed error in directing a verdict for defendant. We agree.
In Marlowe v. Food Fair Stores of Florida, Inc., 284 So.2d 490, 492 (Fla. 3d DCA 1973), cert. denied, 291 So.2d 205 (Fla. 1974), we held:
The power to direct a verdict in a slip and fall case should be exercised with caution, and it should never be granted unless the evidence is of such a nature that under no view which the jury might lawfully take of it, favorable to the adverse party, could a verdict for the latter be upheld.
See also Little v. Publix Supermarkets, Inc., 234 So.2d 132 (Fla. 4th DCA 1970); First Gulf Beach Bank & Trust Co. v. Alvarez, 227 So.2d 745 (Fla. 2d DCA 1969), cert. denied, 237 So.2d 177 (Fla. 1970).
The defendant contends that a directed verdict was proper in that plaintiffs failed to produce evidence as to the source of the wetness and/or the defendant's actual or constructive knowledge of any danger posed to its passengers. First, it is evident that the defendant did have knowledge that the deck was dangerous, since it had posted at the entrance to the deck a sign warning "Slippery When Wet". Second, this court has recognized that actual or constructive knowledge is irrelevant in cases not involving transitory, foreign substances (i.e., the typical banana peel case), if ample evidence of negligent maintenance can be shown. See 194th Street Hotel Corp. v. Hopf, 383 So.2d 739 (Fla. 3d DCA 1980). Here, plaintiffs offered testimony that the constant wetness on the deck, even on otherwise dry days, could be attributable to sea spray or to condensation caused by steam escaping from a nearby smokestack, but that nonetheless, the surface of the deck easily could have been made skid-proof if properly coated and maintained. Since there was evidence presented upon which a jury could lawfully find for the plaintiffs, even though the evidence was susceptible to different reasonable inferences, it was error to direct *939 a verdict. Dandashi v. Fine, 397 So.2d 442 (Fla. 3d DCA 1981).[2]
Reversed and remanded with directions to enter judgment in accordance with the jury's verdict.
NOTES
[1] The procedure is approved, Dysart v. Hunt, 383 So.2d 259 (Fla. 3d DCA), rev. denied, 392 So.2d 1373 (Fla. 1980); Freeman v. Rubin, 318 So.2d 540 (Fla. 3d DCA 1975); Ditlow v. Kaplan, 181 So.2d 226 (Fla. 3d DCA 1965), as a matter of administration, to see if the jury will properly resolve the issues to the trial court's satisfaction.
[2] Appellants also raise the issue, prematurely, of when statutory interest should be deemed to accrue. The cases cited by appellants in their brief are admittedly analogous to the case at bar, however, none is dispositive of the precise issue under review. Instead, as appellants point out, this question is directly answered by the former Florida Appelate Rules, specifically Rule 3.15(a), which stated:

When a judgment of reversal is entered which requires the entry of a money judgment on a verdict the mandate shall be deemed to require such money judgment to be entered as of the date of the verdict.
The new Florida Rules of Appellate Procedure, in Fla.R.App.P. 9.340, have eliminated this language, but a 1977 Committee Note expressly provides that the omission was not intended to change the substantive law regarding money judgments as stated in former Rule 3.15(a). Thus, on remand, the trial judge must enter a final judgment, nunc pro tunc, to January 4, 1983, the date of the jury's verdict. Under Section 55.03, Florida Statutes (1981), the judgment will bear interest at the rate of 12% from that date.
After this opinion was prepared for release, it was brought to our attention that the Appellate Rules Committee has proposed a repromulgation of former Rule 3.15(a). That proposal was approved by the Board of Governors on September 30, 1983, and will be submitted to the Florida Supreme Court for adoption.