488 So.2d 616 (1986)
ZACCO CONTRACTORS, INC., Appellant,
v.
IRVING TRUST COMPANY, Appellee.
No. 86-13.
District Court of Appeal of Florida, Third District.
May 13, 1986.
Bryson & Berman and Rodney W. Bryson, Miami, for appellant.
Rogovin & Schwartz and Lawrence H. Rogovin, Miami, for appellee.
Before BARKDULL, BASKIN and JORGENSON, JJ.
BASKIN, Judge.
In this appeal we decide whether a subcontractor is entitled to recover prejudgment interest when it has been awarded an equitable lien on undisbursed loan proceeds held by a lender and no privity of contract exists between the subcontractor and the lender. We hold that prejudgment interest is appropriate and reverse the trial court's order insofar as it denied prejudgment interest.
Zacco Contractors, Inc., [Zacco] was a subcontractor on a construction project for Gemini Group, Inc. [Gemini]. Irving Trust Company [Irving Trust] loaned construction funds to Gemini. Zacco and Irving Trust had no contractual relationship. When Gemini failed to pay Zacco for work performed, Zacco filed a claim of lien for $37,747.22. After Gemini defaulted on the loan, Irving Trust filed a mortgage foreclosure action joining all lienors, including Zacco. Zacco counterclaimed against Irving Trust to foreclose its mechanic's lien. At the time of Gemini's default, Irving Trust had disbursed all but approximately $50,000 of the construction funds.
Zacco moved for a summary judgment on its counterclaim. The trial court granted Zacco a partial summary judgment and awarded it an equitable lien to the extent of its claim, to be paid from the undisbursed construction loan funds held by Irving Trust. Irving Trust did not appeal and subsequently paid Zacco the amount of the judgment. Zacco then sought attorney's fees and prejudgment interest. The trial court denied both requests and Zacco appealed only the denial of prejudgment interest.
The supreme court of Florida recently considered entitlement to prejudgment interest. Trend Coin Co. v. Honeywell, Inc., 487 So.2d 1029 (Fla. 1986); Argonaut Insurance Co. v. May Plumbing Co., 474 So.2d 212 (Fla. 1985). In Argonaut, the court held that "when a verdict liquidates damages on a plaintiff's out-of-pocket, pecuniary *617 losses, plaintiff is entitled, as a matter of law, to prejudgment interest at the statutory rate from the date of that loss." Argonaut, 474 So.2d at 215. After comparing penalty and loss theories[1] as reasons for awarding prejudgment interest, the court approved the loss theory as the appropriate rationale for such awards. The court also recognized the longstanding Florida rule that prejudgment interest is an element of pecuniary damages, except in personal injury awards, where prejudgment interest is not recoverable.[2]Argonaut, 474 So.2d at 214 n. 1.
Arguing that Argonaut did not consider situations involving equitable liens on a limited fund, Irving Trust maintains that the absence of privity of contract between Zacco and Irving Trust precludes the award of prejudgment interest to Zacco. We disagree. Argonaut emphasized that entitlement to prejudgment interest arises when "a verdict liquidates damages on a plaintiff's out-of-pocket, pecuniary losses... ." Argonaut, 474 So.2d at 215. Those losses do not depend on the existence of a contractual relationship. Furthermore, by rejecting the penalty theory, the supreme court tacitly disapproved cases holding that prejudgment interest is not available in equitable actions absent contractual privity.[3]
We reject Irving Trust's contention that Sharpe v. Ceco Corp., 242 So.2d 464 (Fla. 3d DCA 1970), cert. denied, 247 So.2d 324 (Fla. 1971), disposes of the issue before us. In Sharpe, this court approved the denial of prejudgment interest where no privity of contract existed between the subcontractor and the party from whom equitable relief was sought. However, in Sharpe, the denial of prejudgment interest resulted from the subcontractor's defective work and the court expressly limited its ruling to the facts before it. Argonaut's holding that prejudgment interest follows a pecuniary loss strikes us as sufficiently broad to cover prejudgment interest awards in equitable actions even when the parties are not in contractual privity. Argonaut's emphasis on the mandatory aspect of the award supports our view:
Once a verdict has liquidated the damages as of a date certain, computation of prejudgment interest is merely a mathematical computation. There is no "finding of fact" needed. Thus, it is a purely ministerial duty of the trial judge or clerk of the court to add the appropriate amount of interest to the principal amount of damages awarded in the verdict.
Argonaut, 474 So.2d at 215. For these reasons, we hold that Zacco is entitled to prejudgment interest from the fund held by Irving Trust.
We therefore reverse that portion of the trial court's order denying Zacco prejudgment interest and remand for further proceedings consistent with this opinion.
Affirmed in part; reversed in part; remanded with directions.
NOTES
[1] Under the penalty theory, prejudgment interest represents a penalty for a defendant's "wrongful" act of disputing a valid claim. Under the loss theory, prejudgment interest is considered restitution. Argonaut, 474 So.2d at 215.
[2] One commentator reasoned that the language of Argonaut suggests that prejudgment interest is available for all cases except "those involving damages for intangible injury such as pain and suffering." Vezina, Recoverability of Pre-Judgment Interest: Argonaut v. May Plumbing, Fla. B.J., March 1986, at 39, 41.
[3] The loss theory espoused by Argonaut renders unnecessary consideration of wrongful acts of the custodian of the fund employed in Largo Hospital Owners, Ltd. v. International Glass & Manufacturing Co., 410 So.2d 518 (Fla. 2d DCA 1981), modified on other grounds sub nom. Gorman v. Largo Hospital Owners, Ltd., 435 So.2d 872 (Fla. 2d DCA 1983), review denied, 446 So.2d 99 (Fla. 1984). By eliminating the merit of the defense as a basis for entitlement to prejudgment interest, Argonaut negates the "litigable" requirement of Gerber Groves, Inc. v. Belle Glade Agricultural Contractors, Inc., 212 So.2d 669 (Fla. 2d DCA 1968). Horne v. C & R Building Materials, Inc., 321 So.2d 617 (Fla. 3d DCA 1975), cert. dismissed, 327 So.2d 32 (Fla. 1976), relies on Gerber which Argonaut implicitly rejects. Argonaut apparently does not affect Flood v. Clark, 111 So.2d 465 (Fla. 3d DCA 1959), in which this court recognized a lienor's entitlement to prejudgment interest where a group of unpaid lienors sought payment of their liens from a retainage fund. Flood supports the decision we reach today.