493 So.2d 25 (1986)
INTERNATIONAL COMMUNITY CORPORATION, a Delaware Corporation, and the Insurance Company of Florida, Appellants/Cross-Appellees,
v.
OVERSTREET PAVING COMPANY, a Florida Corporation, Appellee/Cross-Appellant.
No. 85-1565.
District Court of Appeal of Florida, Second District.
July 30, 1986.
Richard F. Wall and Philip D. Townes of Hartley & Wall, Orlando, for appellants/cross-appellees.
John H. Rains, III, and John J. Agliano of Annis, Mitchell, Cockey, Edwards & Roehn, P.A., Tampa, for appellee/cross-appellant.
GRIMES, Acting Chief Judge.
This is an appeal from a $48,650 judgment entered in a mechanic's lien foreclosure action in favor of a subcontractor against a landowner and its surety which had issued a lien transfer bond. We have examined the record and find that it contains sufficient evidence to support the judgment.
On cross-appeal, the subcontractor contends that it should have been awarded *26 prejudgment interest. In denying the claim, the court below relied on this court's decision in Largo Hospital Owners, Ltd. v. International Glass & Manufacturing Co., 410 So.2d 518 (Fla. 2d DCA 1981), which held that a subcontractor in a mechanic's lien action could not recover prejudgment interest against the landowner because of the lack of privity. However, while this appeal was pending, the supreme court reasserted the rule that in all cases (excepting personal injury actions), once the trier of fact liquidates damages on a plaintiff's out-of-pocket pecuniary losses, the plaintiff is, as a matter of law, entitled to prejudgment interest from the date of the loss. Argonaut Insurance Co. v. May Plumbing Co., 474 So.2d 212 (Fla. 1985).
Our sister court in Zacco Contractors, Inc. v. Irving Trust Co., 488 So.2d 616 (Fla. 3d DCA 1986), has now had occasion to consider the effect of the Argonaut decision on facts analogous to those in the instant case. The court held that in view of Argonaut, a subcontractor which had been awarded an equitable lien on undisbursed loan proceeds held by a lender was entitled to prejudgment interest despite the lack of privity between the subcontractor and the lender. The court relied upon the reasoning of Argonaut that an award of prejudgment interest is a means to reimburse the plaintiff for its loss rather than an imposition of a penalty upon the defendant. In a footnote the court observed that the adoption of the loss theory negated the "litigable" defense rationale of certain earlier cases.
We find the rationale of Zacco Contractors, Inc., to be persuasive. Implicit in the Largo Hospital Owners case is the proposition that a landowner required to respond to a claim of lien by one not in privity should not also have to pay prejudgment interest. In light of Argonaut's rejection of the penalty theory, the landowner's lack of culpability is irrelevant and prejudgment interest is as much a part of the subcontractor's damages as is the balance owed for its services. Therefore, in the instant case, once the lien was determined to be valid, the landowner and its surety were obligated for the total amount of subcontractor's loss regardless of the absence of privity.
We affirm the decision below but remand the case with directions that the judgment be amended so as to provide for the payment of prejudgment interest.
SCHOONOVER and SANDERLIN, JJ., concur.