DELL, Judge.
Allstate Insurance Company appeals from a final judgment entered following this court’s opinion and mandate in Powell v. Allstate Insurance Company, 479 So.2d 149 (Fla. 4th DCA 1985) (Powell I).
David G. Powell sued Allstate seeking insurance coverage for the alleged theft and conversion of a Corvette automobile registered to John Cockerham. Powell had possession of the vehicle at the time of the loss. Cockerham filed suit against Allstate, State Farm Insurance Co. and Powell for the value of the automobile. Allstate denied Powell’s claim asserting that he was not the owner of the automobile. State Farm denied coverage alleging that Cocker-ham had transferred the vehicle to Powell. State Farm and Allstate then filed counterclaims against each other.
During the course of the proceedings Powell and Cockerham stipulated that any proceeds recovered by Powell from Allstate would be delivered to Cockerham since he had sustained the loss. The trial court found that title had never passed to Powell and remained in Cockerham at all times, however, the State Farm coverage did not apply because of the exclusions contained in the policy. The trial court also found that Powell had an insurable interest, and thus Allstate provided coverage. The trial court held that Cockerham could recover jointly and severally from Powell and Allstate for the value of the automobile and that Powell should recover from Allstate any money he pays to Cockerham. Unfortunately, the trial court entered a final judgment against Powell and in favor of Allstate. In Powell I, we concluded:
The trial court erred when it failed to enter judgment for David G. Powell against Allstate Insurance Company. We feel that this occurred as a matter of oversight since the judgment in favor of Allstate as to the Powell claim is inconsistent with the explicit oral findings in record and the explicit findings in the judgment.
Powell I also held that the trial court should have granted Powell’s motion for attorney’s fees. On remand, the trial court awarded Powell the value of the automobile ($6,900.00) with interest from December 14, 1983 to May 13, 1986, attorney’s fees incurred at the trial level with interest, and appellate attorney’s fees and costs, with interest. The total judgment amounted to $32,336.85. Allstate paid Cockerham for the value of the automobile prior to the entry of this final judgment.
Appellant contends that the trial court misconstrued our opinion in Powell I and challenges the award of the value of the automobile ($6,900.00) to Powell, interest on that value, and interest on the award of attorney’s fees from December 14, 1984. Appellant does not challenge the amount awarded as attorney’s fees and costs at trial level or at the appellate level.
The trial court correctly concluded that Powell should recover from Allstate any money that he was required to pay to Cockerham. However, since Allstate paid Cockerham, Powell paid nothing. The judgment entered on remand should have provided that Powell could recover only the amount of any sums that he was required to pay to Cockerham. Therefore, the trial court erred when it awarded him the sum *804 of $6,900 plus interest from December 14, 1983 to May 13, 1986.
We also find error in the trial court’s award of interest on attorney’s fees from the date of its original final judgment. The record shows that the trial court only determined the amount of attorney’s fees to which Powell would be entitled in the event of a successful appeal in Powell I, the trial court did not award such fees when it entered the original final judgment. The trial court said:
Because the court did take extensive evidence on the question of the amount of attorney’s fees and costs to be awarded Powell (if such an award were found to be proper), that factual issue should be determined now so that in the event the court is later held to have been in error in refusing to award fees and costs to Mr. Powell, the judicial effort will not have been lost.
The trial court should not have awarded interest on attorney’s fees from the date of the original final judgment.
Interest on a judgment does not begin to run until the judgment is entered and even a written judgment which has been signed by the court is not “entered” until it has been filed, with the clerk.
Merchant v. Merchant, 433 So.2d 633, 634 (Fla. 1st DCA 1983) (citations omitted).
Therefore the award of interest on the attorney’s fees at the trial level must also be vacated. However, we affirm the amount of attorney’s fees and costs incurred at trial and on appeal since appellant does not challenge those items on appeal. We find no merit in appellee’s cross-claim as to the amount of fees awarded on appeal.
Accordingly, we affirm the final judgment in favor of Powell as to the amount of attorney’s fees and costs incurred at the trial and appellate level. We reverse that part of the final judgment that awarded Powell the value of the automobile together with interest and the award of interest on attorney’s fees from December 14,1983. We remand this cause to the trial court with instructions to enter an amended final judgment not inconsistent herewith.
AFFIRMED IN PART; REVERSED IN PART and REMANDED.
DOWNEY and STONE, JJ., concur.