595 So.2d 1036 (1992)
Denis RETY, Appellant,
v.
Arthur GREEN, Appellee.
No. 89-2936.
District Court of Appeal of Florida, Third District.
March 10, 1992.
*1037 Kelly, Black, Black, Byrne, Beasley, Bales & Ross and Lauri Waldman Ross, Lisa Bennett, Miami, for appellant.
Daniels & Hicks and Ralph O. Anderson, Miami, for appellee.
Before HUBBART, BASKIN and COPE, JJ.

On Motions for Rehearing and Clarification
PER CURIAM.
Upon consideration of the motion of Denis Rety for clarification and the motion of Arthur Green for rehearing, the court's previous opinion is withdrawn and the following opinion is substituted:
The question presented by this appeal is the date from which appellant Denis Rety's judgment against appellee Arthur Green will bear interest.[1] We conclude that the judgment should be entered as of the date of the jury's verdict.
Rety obtained a libel verdict against Green for $12,500,000 in compensatory and punitive damages.[2] No judgment was entered thereon. The trial court sua sponte entered an order of remittitur and alternative order for a new trial on damages. The remitted amount was $2,550,000 in compensatory and punitive damages.[3] When Rety refused to accept a remittitur, the trial court ordered a new trial on damages and Rety appealed. Rety v. Green, 546 So.2d 410, 417 (Fla. 3d DCA), review denied, 553 So.2d 1165, 1166 (Fla. 1989).
This court agreed that a remittitur was appropriate, but found that the trial court's remittitur had been excessive. 546 So.2d at 421. This court concluded that the award should be $5,000,000[4] instead of $2,550,000. The trial court was directed to enter a modified remittitur accordingly, and to allow Rety a reasonable time within which to accept or reject it. Id. at 421-22. On remand Rety accepted the modified remittitur.
After acceptance, Rety contended that the judgment should be entered as of the date of the original verdict, while Green and Southern argued that the final judgment should be dated when actually entered, and not as of any earlier date. The trial court disagreed with both positions and entered final judgment effective the date of this court's published opinion in the earlier appeal. From that ruling both sides appealed.
Under section 55.03, Florida Statutes (1989), interest accrues on a judgment, not on a verdict. Under ordinary principles, interest would run from the date of entry of judgment.
To this general principle the Rules of Appellate Procedure recognize an exception. As amended in 1984, Rule 9.340(c) granted authority to the trial court in some circumstances to enter judgment as of an earlier date.
Rule 9.340(c) provides: "When a judgment of reversal is entered which requires the entry of a money judgment on a verdict, the mandate shall be deemed to require such money judgment to be entered as of the date of the verdict."[5] The theory *1038 of the rule is that, but for the erroneous failure to enter judgment on the jury's verdict, judgment would have been entered, and interest would have begun to run, at the time of the verdict. See P. Padovano, Florida Appellate Practice § 14.9, at 242 (1988). When judgment is entered pursuant to Rule 9.340(c), interest runs from the date of the verdict.[6]
The question before us is the application of Rule 9.340(c) to the present case. Green contends that the Rule comes into play only if, after reversal, a judgment is entered in the exact amount of the jury's verdict. Rety argues that the Rule also applies in a case of remittitur.
The jury awarded $20,000,000 in compensatory and punitive damages against Green. The trial court's order of remittitur reduced the award to $2,550,000. On appeal this court held that the remittitur was too large and the resultant damage award was too low. This court set the aggregate award against Green at $5,000,000 and remanded with directions to give Rety a reasonable time within which to accept or reject the remittitur. Rety timely accepted.
As a threshold matter, the judgment against Green fits within the definitional scope of Florida Rule of Appellate Procedure 9.340(c). This court's ruling was indisputably a "judgment of reversal," id., which reversed the trial court's order of remittitur or new trial. The unresolved question is whether entry of judgment on the reduced amount constitutes "entry of a money judgment on a verdict" for purposes of the Rule. Reasoning by analogy to Atlantic Coast Line Railroad Co. v. Watkins, 99 Fla. 395, 126 So. 489 (1930), we conclude that it does.
In Atlantic Coast Line Railroad Co. v. Watkins, the plaintiff obtained a verdict. Unlike the present case, the trial court entered judgment in plaintiff's favor. On appeal, the Florida Supreme Court ordered a remittitur or new trial, and on remand the plaintiff accepted the remittitur. 99 Fla. at 398, 126 So. at 490. The supreme court ruled that for purposes of computing interest, the "judgment as thus voluntarily reduced, will stand affirmed as of the date of its original rendition... ." Id. The court held that the judgment would bear interest from the date of its original rendition, rather than the date of the remittitur. Id.; see also Gorman v. Largo Hospital Owners, Ltd., 435 So.2d 872 (Fla. 2d DCA 1983), review denied, 446 So.2d 99 (Fla. 1984). See generally Guy v. Kight, 431 So.2d 653, 656 (Fla. 5th DCA), review denied, 440 So.2d 352 (Fla. 1983).
We conclude that we should follow, by analogy, Atlantic Coast Line Railroad Co. v. Watkins. The instant case is essentially the same as Watkins. The result should be the same regardless of whether judgment was entered by the trial court prior to remittitur (as in Atlantic Coast Line R. Co. v. Watkins) or whether no such judgment was entered (as is the case here).[7] We conclude that the entry of judgment on the reduced jury verdict should "be deemed to require such judgment to be entered as of the date of the verdict." Fla.R.App.P. 9.340(c).
For the reasons stated, the judgment against Green must be reversed insofar as it was entered as of February 14, 1989, and remanded with directions to enter judgment against Green effective the date of the verdict.
We certify that we have passed on a question of great public importance:
Does Florida Rule of Appellate Procedure 9.340(c) apply where an appellate court-ordered remittitur requires entry *1039 of judgment in an amount less than the full amount of the jury's verdict?
Reversed and remanded; question certified.
HUBBART and COPE, JJ., concur.
BASKIN, Judge (dissenting).
I disagree with the majority holding that interest on Denis Rety's award accrues as of the date of the jury's verdict, a result I find to be contrary to the explicit rule it purports to apply. Furthermore, I find the majority's analogy to Atlantic Coast Line R.R. Co. v. Watkins, 99 Fla. 395, 126 So. 489 (1930), unpersuasive.
At the conclusion of the trial, the court did not enter a judgment on the verdict returned by the jury. Instead, it entered an order of remittitur or new trial on damages. The only judgment entered in this cause is the judgment recorded on December 20, 1989, after appellate remand in Rety v. Green, 546 So.2d 410 (Fla.3d DCA), review denied, 553 So.2d 1165 (Fla. 1989). Interest could not begin to accrue prior to December 20, 1989, when judgment was entered. § 55.03(1), Fla. Stat. (1987). The majority departs from settled sound principles in holding that the accrual of interest commences on the date of the jury verdict. Interest accrues only on the entry of judgment; no other event invokes the accrual of interest. § 55.03(1), Fla. Stat. (1987).
Section 55.03(1), Florida Statutes (1987), provides that "[a] judgment or decree entered on or after October 1, 1981, shall bear interest at the rate of 12 percent a year... ." Interest accrues on a judgment only by virtue of the applicable statute. Parker v. Brinson Constr. Co., 78 So.2d 873, 875 (Fla. 1955); Watkins, 99 Fla. at 398, 126 So. at 490 ("The matter of interest is taken care of by the statute, which provides that all judgments shall bear interest ... which means of course from the date of their rendition.") (Emphasis supplied). In a tort action, interest accrues from entry of judgment. Parker; Skinner v. Ochiltree, 148 Fla. 705, 5 So.2d 605 (1941); McNitt v. Osborne, 371 So.2d 696 (Fla. 3d DCA 1979); Merchant v. Merchant, 433 So.2d 633 (Fla. 1st DCA 1983); Smith v. Goodpasture, 189 So.2d 265 (Fla. 4th DCA 1966); see Roberts v. Askew, 260 So.2d 492 (Fla. 1972) (section 55.03 creates obligation to pay interest on judgments rendered); Allstate Ins. Co. v. Powell, 513 So.2d 802 (Fla. 4th DCA 1987) (error to award interest on attorney's fees award from date of judgment when the award was not a part of that judgment), review denied, 520 So.2d 585 (Fla. 1988); McCoy v. Rudd, 367 So.2d 1080 (Fla. 1st DCA) (interest on unliquidated damages begins to run upon entry of final judgment), dismissed, 370 So.2d 461 (Fla. 1979). "A judgment is commonly an order which will support a writ of execution, as for example, the levying on the assets of a judgment debtor." In re Lunga's Estate, 360 So.2d 109, 111 (Fla. 3d DCA), cert. denied, 366 So.2d 883 (Fla. 1978); compare Bank of Central Fla. v. Department of Banking & Finance, 470 So.2d 742 (Fla. 1st DCA 1985) (final order lacking the force or effect of a money judgment does not accrue interest under section 55.03).
Because no judgment was rendered prior to the initial appeal in Rety, no justification exists for analogizing Rety's peculiar circumstances to cases where an appellate court (1) modifies a judgment or reduces a judgment by remittitur, or (2) reverses a judgment requiring the entry of a money judgment on a jury verdict. For example, where a final judgment is modified or remitted on appeal, the unremitted portion of the judgment bears interest from the date of the original judgment. Watkins, 99 Fla. at 398, 126 So. at 490; Gorman v. Largo Hosp. Owners, Ltd., 435 So.2d 872 (Fla. 2d DCA 1983), review denied, 446 So.2d 99 (Fla. 1984); St. Cloud Utilities v. Moore, 355 So.2d 446 (Fla. 4th DCA 1978); Gilmore v. Morrison, 341 So.2d 779 (Fla. 4th DCA 1976); Smith v. Goodpasture, 189 So.2d 265 (Fla. 4th DCA 1966). The foregoing cases conclude that, on remand after appeal of a judgment, the prevailing party is entitled to interest on the unremitted portion of the judgment as of the date of the original judgment. Watkins; Gorman; St. Cloud Utilities; Gilmore; Smith.
*1040 The judgment is the impetus for the commencement of interest. In Watkins, a $10,000 judgment was entered in plaintiff's favor. On appeal, the judgment was deemed excessive and remitted to $5,000. Thus, the issue before the Florida Supreme Court was "whether the unremitted portion of the original judgment bears interest from the date of the rendition of the judgment, or from the date on which the mandate of the court was issued." Watkins, 99 Fla. at 397, 126 So. at 490 (emphasis supplied). The court concluded that a remittitur would cause the original judgment to be reduced by the specified amount, "thus leaving such judgment, if remittitur were entered, to stand for the remaining [amount], with interest thereon from the date of its rendition... ." Watkins, 99 Fla. at 400, 126 So. at 491. The existence of the original judgment, when modified, served as a predicate for the commencement of interest, to run from the date of rendition; however, where, as here, no judgment was entered prior to appeal, nothing yields interest. The entry of a judgment triggering the accrual of interest did not take place until after remand from the first appeal in Rety, a circumstance not analogous to modification or remittitur of a preexisting final judgment.
Contrary to the majority's contention, rule 9.340(c), Florida Rules of Appellate Procedure, does not have the effect of providing an alternate date for the accrual of interest  it specifies the date for reinstating a money judgment following appellate reversal. Rule 9.340(c)[1] states that "[w]hen a judgment of reversal is entered which requires the entry of a money judgment on a verdict, the mandate shall be deemed to require such money judgment to be entered as of the date of the verdict." Rule 9.340(c) does not create an exception to section 55.03, or establish a different event from which interest may accrue. The rule merely establishes the date on which to enter a judgment upon issuance of a mandate. Once the judgment is entered pursuant to the rule, interest accrues on the judgment under section 55.03. See Mabrey v. Carnival Cruise Lines, Inc., 438 So.2d 937, 939 n. 2 (Fla.3d DCA 1983). However, rule 9.340(c) does not apply to Rety because Rety neither reinstated the jury verdict nor reversed a judgment so as to require the entry of a money judgment on the verdict. In Rety, this court did not reinstate a jury verdict; the court merely modified the trial court's remittitur of the jury's verdict.
The Rety court did not modify an original judgment or order a remittitur of an original judgment. Under section 55.03 Rety may earn interest only as of the date of the rendition of a judgment. The judgment filed December 20, 1989, is the only judgment rendered. The majority applies the law as it "could be," at 1037, or "should be," at 1038; I would follow the law as it presently exists. I would therefore grant rehearing, withdraw our prior opinion, and hold that section 55.03 entitles Rety to earn interest as of the date that judgment was filed.[2] For these reasons, I would reverse the portion of the final judgment that provides for the judgment to bear interest commencing on the date of this court's first opinion, and would strike the entry of judgment nunc pro tunc.
NOTES
[1] During the pendency of this appeal, appellee Southern Commodity Corporation settled with Rety. That judgment will not be discussed further.
[2] The jury award was composed of:

Compensatory damages
(jointly and severally with codefendant
Southern Commodity Corporation) $10,000,000
Punitive damages
(Green individually) $ 2,500,000

[3] The trial court's award was composed of:

Compensatory damages
(jointly and severally with
Southern Commodity Corporation) $ 2,500,000
Punitive damages
(against Green only) $ 50,000

[4] This court's award was:

Compensatory damages
(unchanged) $ 2,500,000
Punitive damages
(against Green only) $ 2,500,000

[5] This was "a repromulgation of former Rule 3.15(a) which was deleted in 1977 as being unnecessary. Experience proved it to be necessary." Committee Notes to 1984 Amendment to Fla.R.App.P. 9.340.
[6] By its terms Rule 9.340(c) does not require that a judgment have previously been entered in the case. The decision in Mabrey v. Carnival Cruise Lines, Inc., 438 So.2d 937, 939 n. 2 (Fla. 3d DCA 1983), is not to the contrary. Mabrey illustrates one application of the rule, but not the only one. Nor is there any significance in the fact that in Mabrey, a judgment had been entered in favor of defendant. Upon reversal, judgment was entered for plaintiff. Interest ran from the date of the verdict. The date of the reversed defense judgment was immaterial.
[7] This approach is consistent with the underlying purpose of the rule, for the delay in entry of final judgment occurred because of Rety's rightful refusal to accept an excessive remittitur.
[1] Mabrey v. Carnival Cruise Lines, Inc., 438 So.2d 937 (Fla. 3d DCA 1983), illustrates the appropriate application of rule 9.340(c), formerly Florida Appellate Rule 3.15(a). In Mabrey, the jury returned a verdict for plaintiffs. The trial court granted defendant's motion for directed verdict and entered a final judgment in defendant's favor. This court reversed the trial court's judgment and remanded the case with instructions to enter a money judgment for the amount of the jury's verdict. "Thus, on remand, the trial judge must enter a final judgment, nunc pro tunc, to January 4, 1983, the date of the jury's verdict. Under Section 55.03, Florida Statutes (1981), the judgment will bear interest at the rate of 12% from that date." Mabrey, 438 So.2d at 939 n. 2 (emphasis supplied).
[2] "Interest on a judgment does not begin to run until the judgment is entered and even a written judgment which has been signed by the court is not `entered' until it has been filed with the clerk." Allstate Ins. Co. v. Powell, 513 So.2d 802, 804 (Fla. 4th DCA 1987), review denied, 520 So.2d 585 (Fla. 1988), citing, Merchant v. Merchant, 433 So.2d 633, 634 (Fla. 1st DCA 1983).