FARMER, J.
We affirm the judgment under review and write only to address two issues.
Judge Warner has correctly described the incident leading to this lawsuit, as well as some allegations from the pleadings. Irrespective of the general claim formed by the complaint, however, plaintiff tried this case on a single theory: that the defendant owner of the apartment building negligently maintained a dangerous doorway exit from an apartment unit causing plaintiff, a visitor, to suffer serious injuries. There was evidence that the exit violated the building code in at least three respects, one of which involved stepping down from a higher interior plane onto an exterior step built on a lower plane, a step that was itself inadequately sized and positioned. The owner, who had the building for some 10 years but lived in Canada, sought to defend by showing that no one had ever told him of the building code violations, and thus he lacked knowledge of the dangerous condition.
As trial was just getting underway, plaintiff moved in limine to exclude any evidence of the defense of lack of knowledge. He argued that as an owner defendant could not disclaim knowledge of a permanent design condition on his own property, and that the requirement of knowledge did not apply to plaintiffs claim because the condition did not involve a transitory foreign substance. Defense counsel protested that “the entire defense in this case” was lack of knowledge, adding later that he would also contend that the building code violations did not cause plaintiffs injuries. After listening to extensive argument on the issue of knowledge just before voir dire examination of jurors, the trial court ruled in favor of plaintiff and excluded any evidence or legal argument as to lack of knowledge.
Both parties thus understood that lack of knowledge was out as a defense, even if defendant sought to preserve the issue at every turn. On the next day while evidence was still being presented to the jury — in an attempt to resurrect the lack of knowledge defense — defendant handed verbatim copies of Florida Standard Jury Instructions (Civil) [SJI] 3.5f and 3.6 to the *1068 trial judge and suggested that both should be given in their entirety. After reading both instructions to the Court defense counsel lamented:
“How can I put on any evidence that supports my position that [defendant] didn’t know if you won’t allow me to put on my client to say he didn’t know there was a building code violation?”
Plaintiff responded that “you don’t give every standard jury instruction in every case.” The rule is, he contended, that the court should give only those standard jury instructions indicated by the issues tried and evidence presented. He further contended that SJI 3.5f and 3.6, as proposed by defendant, were inapplicable because both were predicated on lack of knowledge as a defense. Plaintiff thereupon suggested that the court give an adapted version of SJI 4.11 and furnished the court with a copy. After comparing plaintiffs proposed SJI 4.11 with defendant’s proposed SJI 3.5f and 3.6, the court announced a clear preference for plaintiffs proposed SJI 4.11.The judge pointedly observed “you’ve [plaintiffs adaptation of SJI 4.11] got a definition [of negligence].”[1]
Later when the evidence was complete, just before closing argument, the court held the charge conference.[2] The parties perfunctorily presented their proposed instructions, having in mind the earlier argument on defendant’s contention that SJI 3.5f and 3.6 should be given and the court’s announced preference for plaintiffs SJI 4.11.Both provided the court with a complete set of proposed instructions, defense counsel observing that plaintiff would certainly object to one part of defendant’s package, presumably referring to SJI 3.5f and 3.6. At that point, the Court said: “Well if it has to do with — ,” and defense counsel interrupted, saying: “It does; we’re just making a record here.” Defendant argued that his proposed instructions should be given in conjunction with SJI 4.11,which had previously been proposed by plaintiff and approved by the court. Without waiting- to hear from plaintiff again, the court obviously treated plaintiffs prior argument as having been-renewed and ruled against defendant.
It bears emphasizing that, after the initial ruling regarding SJI 3.5f and 3.6 during the presentation of evidence, defendant never proposed an amended version of these instructions suitable to this case. He never asked the court to give a modified version, deleting any reference to the issue of knowledge. At, the same time, it is true that plaintiff himself never proposed a general, stand-alone instruction as to what the issue was on his claim. Yet defendant also did not request an instruction telling the jury precisely what the issue was for the jury’s determination on plaintiffs claim. Nor did defendant ever contend that the absence of any instruction describing the issue on plaintiffs claim would be error.
Thus we disagree with the dissent’s assertion that “the court did not instruct the jury on the issues of negligence.” It is clear that the instructions actually read to the jury effectively communicated the idea that they would have to determine whether *1069 defendant had been negligent in maintaining the apartment exit in violation of the building code in a manner that caused plaintiffs injuries. Moreover, as the trial judge had earlier observed, plaintiffs proposed SJI 4.11 did contain a definition of negligence. By the end of the evidence and argument and instructions, no juror could possibly have failed to understand that the jury should determine whether defendant had negligently maintained the apartment unit exit, violating building code requirements and thereby causing injury to plaintiff.
Unlike plaintiff — who does not complain about the omission of a conventional “the issue is” instruction — defendant now argues on appeal that the failure to give such an instruction is error. As we have shown, the instructions may not have contained the common statement to the effect that “on plaintiffs claim the issues for your determination are....” At the same time, however, taken as a whole they did adequately tell the jury essentially what they were to decide: Did defendant negligently maintain a doorway exit in violation of building codes that caused injury to plaintiff? While standard jury instructions may be predicated on the use of formulaic recitations of law, they are not intended to invalidate divergences not affecting the outcome.
We believe that this very competent and experienced trial judge would be utterly mystified by a reversal on the grounds urged by defendant. The only instructions proposed by defendant conspicuously included provisions clearly inapplicable to the case actually tried. Should she have advised defendant, nevertheless, exactly which jury instructions to propose? Recalling defendant’s lament that “the entire [e.s.] defense” was lack of knowledge, should she have inquired whether defendant wanted her to give modified versions of SJI 3.5f and 3.6 without any reference to knowledge? Should she have insisted on a plaintiffs issue instruction in spite of the failure of any party to ask for one? We think the answer to all these questions is no. Trial judges are trial judges, not school teachers or advocates. If the lawyers in civil cases fail to request legally sufficient jury instructions, it is not the role of trial judges to tell them what they should ask for.
So we are left with an appeal in which plaintiff does not complain of the absence of an instruction describing his own issue; and the defense never asked for the jury to be told what plaintiffs issue was or proposed a version of SJI 3.5f and 3.6 consistent with the issues actually allowed to go to the jury. We simply disagree with the dissent’s conclusion that defendant was entitled to an instruction explicitly describing the issue even though no one ever properly asked for one. See Fla. R. Civ. P. 1.470(b) (“No party may assign as error...the failure to give any charge unless that party requested the same.”).
Turning therefore to the substantive issue regarding the lack of knowledge defense, we find no error. In Owens v. Publix Supermarkets Inc., 802 So.2d 315 (Fla. 2001), the court effectively abrogated the entire lack of knowledge defense in slip-and-fall cases. As the court’s footnote 4 makes clear, the issue of knowledge of a dangerous condition in slip-and-fall cases was introduced for use only when the dangerous condition resulted from a transitory foreign substance; in cases involving permanent structures or design defects, as here, Florida law recognizes no defense of lack of knowledge of a building code violation creating a dangerous condition by an owner as to his own maintenance of his own property. Owens, 802 So.2d 315, 320 (2001) (“ ‘actual or constructive knowledge is irrelevant in cases not involving transitory, foreign substances (i.e., the typical banana peel case), if ample evidence of negli *1070 gent maintenance can be shown’ ” (quoting Mabrey v. Carnival Cruise Lines, Inc., 438 So.2d 937, 938 (Fla. 3d DCA 1983))).
Because we find no error in any issue raised, the final judgment is
AFFIRMED.
ROBY, WILLIAM L., Associate Judge, concurs. WARNER, J., dissents with opinion.

. Plaintiff’s proposed instructions, which were the ones ultimately read to the jury, contained the following:
"Negligence is the failure to use reasonable care. Reasonable care is that degree of care which a reasonably careful person would use under like circumstances. Negligence may consist either in doing something that a reasonably careful person would not do under like circumstances, or in failing to do something that a reasonably careful person would do under like circumstances.

. See Fla.R.Civ.P. 1.470(b) ("At such conference all objections shall be made and ruled upon and the court shall inform counsel of such charges as it will give.”).