DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**ECKERT REALTY CORP.,**
Appellant,

v.

**ELLEN STRAZZERI,**
Appellee.

No. 4D2023-2130

[October 2, 2024]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; David Alan Haimes, Judge; L.T. Case No. CACE18-024102.

Andre G. Raikhelson of Trayber Raikhelson Law Group, PLLC, Boca Raton, for appellant.

J. Samantha Vacciana and David Casals of Trial Lawyers of Florida, Fort Lauderdale, for appellee.

KUNTZ, J.

Eckert Realty Group appeals the circuit court's judgment for Ellen Strazzeri. We agree with Eckert that the court erred in denying Eckert's motion for directed verdict and reverse.

*Background*

Strazzeri sued Eckert for premises liability. At trial, Strazzeri explained that she worked at Deer Creek Real Estate, a business located in the office complex where she fell, for over four years. During that time, Strazzeri traversed the ramp where she fell "hundreds of times." On the day Strazzeri fell, she wore "little wedge" shoes, which had a two-and-a-half-to three-inch lift. As she walked down the ramp, her leg "twisted[] and [she] knew . . . it broke." Strazzeri fell backward onto the ground and felt "excruciating pain" in her "leg and . . . ankle." She testified that the culprit was "the uneven slope from the ramp."

John Szerdi, an architect, provided expert testimony concerning the ramp's technical aspects and Florida's building requirements. He explained that the ramp maintained an inconsistent slope. While the bottom of the ramp sloped at an approximate 12 percent angle, the upper portion's slope was "much less," at "around 10 percent." Comparatively, the Americans with Disabilities Act requires ADA-compliant "walking surfaces" to be sloped no steeper than five percent, while "ramps" may be sloped no steeper than eight and one-third percent. Moreover, Szerdi explained that the Florida Building Code adopts the ADA and applies its guidelines to Florida structures. When asked whether "the [ramp] was too steep and uneven," Szerdi answered that "[i]t was steeper than general practice in code would require to be to exit out at a level change that much in that short of a distance."

At the close of Strazzeri's case, Eckert moved for a directed verdict. Eckert argued that Strazzeri failed to put on evidence about (1) her injuries' cause, and (2) Eckert's actual or constructive knowledge that the ramp was dangerous. The court denied the motion.

Next, Edward Eckert testified as to his knowledge, or lack thereof, concerning the ramp's dangerousness. He explained that he purchased the building in 1988 and that a board-certified general contractor installed the ramp in 1999. After the ramp was completed in 1999, it passed inspection. Additionally, Eckert resurfaced and restriped the office's parking lot every five to six years. While each resurfacing required an inspection, no inspector ever criticized Eckert's ramp. Mr. Eckert also testified that during the years between the ramp's construction and Strazzeri's fall, nobody fell on the ramp. He estimated that the ramp was traversed 1,856,000 times during those years.

Later, the jury returned a verdict finding Eckert 70 percent liable for Strazzeri's injuries. Eckert renewed its motion for directed verdict, and the court denied the motion.

*Analysis*

Eckert argues that Strazzeri failed to prove Eckert had actual or constructive knowledge that the ramp was dangerous. We agree.

"In premises liability cases, the plaintiff [ordinarily] must show the defendant had actual or constructive notice of the dangerous condition on its premises . . . ." *Dudowicz v. Pearl on 63 Main, Ltd.*, 326 So. 3d 715, 719 (Fla. 1st DCA 2021). A premises owner has constructive knowledge of a hazard when, if he exercised reasonable care, he would have known

2

of the hazard.  *Khorran v. Harbor Freight Tools USA, Inc.*, 251 So. 3d 962, 965 (Fla. 3d DCA 2018).

We acknowledge our holding that "Florida law recognizes no defense of lack of knowledge of a building code violation creating a dangerous condition by an owner as to his own maintenance of his own property." *Di Mare & Drews, Inc. v. Kerrigan*, 810 So. 2d 1066, 1069 (Fla. 4th DCA 2002) (citing *Owens v. Publix Supermkts., Inc.*, 802 So. 2d 315, 320 (Fla. 2001)). But as Judge Warner clarified in *Kerrigan*, "[t]o be liable, a property owner must still have superior knowledge, either actual or constructive, to the plaintiff concerning any dangerous conditions on the property." *Kerrigan*, 810 So. 2d at 1070 (Warner, J., dissenting) (citing *Lynch v. Brown*, 489 So. 2d 65, 66-67 (Fla. 1st DCA 1986)).

Here, the trial judge stated Strazzeri had not presented any evidence about the specifics of her fall other than "she's walking and she falls."  The evidence showed that the shoes which Strazzeri had worn on the day when she fell were the same shoes which she had worn to work in the past. Strazzeri also testified that she had walked up and down the ramp hundreds of times.  Eckert paid a board-certified contractor to install the ramp, and it had passed multiple inspections since its installation.  No one had fallen on the ramp in the past.

In short, Strazzeri did not present any evidence that Eckert had actual or constructive knowledge of a dangerous condition.  Nor did Strazzeri present evidence of negligent maintenance.  *See Owens*, 802 So. 2d at 320 n.4 ("[A]ctual or constructive knowledge is irrelevant . . . if ample evidence of negligent maintenance can be shown." (quoting *Mabrey v. Carnival Cruise Lines, Inc.*, 438 So. 2d 937, 938 (Fla. 3d DCA 1983))).

Absent evidence of Eckert's actual or constructive knowledge of a dangerous condition, or negligent maintenance, Eckert's motion for directed verdict should have been granted.

*Conclusion*

The circuit court's order denying Eckert's motion for directed verdict is reversed.

*Reversed and remanded.*

WARNER and GERBER, JJ., concur.

\*          \*          \*

3

*Not final until disposition of timely filed motion for rehearing.*