PER CURIAM.
The plaintiff, Suzanne Salomon, was allegedly injured in an automobile accident. She and her husband Alan sued the owner of the automobile which collided with the car in which she was riding as a passenger.
The jury verdict was adverse to plaintiffs and they appeal from the final judgment and denial of certain post trial motions. These appeals have been consolidated.
Plaintiffs’ first point is that the court erred in denying their motion to excuse a prospective juror for cause thereby requiring them to use one of their peremptory challenges. We have reviewed the testimony of this juror and find no abuse of sound judicial discretion by the trial judge in the denial of plaintiffs’ motion to excuse the prospective juror for cause.
Plaintiffs claim error in the trial court permitting the investigating officer, who was not an eye-witness, to give an opinion that the car in which plaintiff was riding as a passenger was backing up prior to the accident. Cf. Delta Rent-A-Car, Inc. v. Rihl, Fla.App.1969, 218 So.2d 469.
The trial judge ruled that the officer was an expert in investigating accidents and could make reasonable deductions from what he observed. No objection was made to the ruling that the officer was an expert and it may not be raised for the first time on appeal. Upchurch v. Mizell, 50 Fla. 456, 40 So. 29 (1905); and Worcester Mutual Fire Insurance Co. v. Eisenberg, Fla.App.1962, 147 So.2d 575.
*102 Plaintiffs’ point that the court erred in denying their motion for a directed verdict at the conclusion of the case has been examined and found insufficient because the testimony of the plaintiff is not included in the record on appeal. Brown v. Householder, Fla.App.1961, 134 So.2d 801.
We have examined plaintiffs’ final point for reversal and find it to be insufficient to require reversal.
The final judgment is
Affirmed.