364 So.2d 873 (1978)
MIAMI NATIONAL BANK, Appellant,
v.
FIRST INTERNATIONAL REALTY INVESTMENT CORPORATION et al., Appellees.
Nos. 77-1350, 77-1483.
District Court of Appeal of Florida, Third District.
December 5, 1978.
*874 Helliwell, Melrose & DeWolf and William E. Sadowski, Miami, for appellant.
McCormick, Bedford & Backmeyer and Edward J. McCormick, Miami, for appellees.
Before HAVERFIELD, C.J., and PEARSON and HENDRY, JJ.
PER CURIAM.
Plaintiff, Miami National Bank, appeals an adverse final summary judgment in favor of C.D. Porch, Jr., a personal guarantor on a promissory note.
In March, 1974 First International Realty Investment Corporation borrowed $50,000 from Miami National Bank and executed a 90-day promissory note which was personally guaranteed by the defendant, C.E. Porch, Jr., and two other individuals. Although the loan commitment was for a one-year period, the transaction was so structured that the promissory note was renewable every 90 days in order that the Bank could review the financial condition of the borrower, First International Realty, and the guarantors. After execution of the first 90-day note in March, additional 90-day renewal notes were subsequently executed and accepted by the Bank in June, September and on December 2. However, prior to the execution and acceptance of the September, 1974 renewal note, defendant Porch notified the Bank both orally and in writing that he was revoking his personal guarantee on the note. Again, on December 7, 1974 upon being contacted by the Bank for an update on his financial status, Porch responded in writing that in the previous June he had notified the Bank of the revocation of his guarantee. Subsequently, First International Realty defaulted on this December 2 note and the Bank filed the instant suit against First International and joined Porch on his March, 1974 guarantee and the other two guarantors. Porch defended on the ground that he had revoked his personal guarantee. The Bank contended to the contrary, or in the alternative that it was not made aware of any such revocation. Following pretrial discovery both parties filed motions for summary judgment and after hearing the trial court entered summary judgment for Porch. We affirm.
The record supports the finding of the trial court as to the fact that Porch communicated the revocation of his personal guarantee to the Bank which subsequently removed his name from the list of personal guarantors. There being no question that Porch was entitled to prevail under the undisputed facts, the summary judgment is affirmed. See e.g. Goodwin v. Shire, 105 So.2d 178 (Fla.3d DCA 1958).
Affirmed.