PER CURIAM.
This matter is before us upon a petition seeking both a writ of mandamus and a writ of prohibition. We have elected to treat the petition as one for writ of certio-rari.
The petition seeks to reverse a trial court order, in post dissolution proceedings, directing the petitioner to execute a sales contract incidental to the private sale of the marital homeplace. The petitioner failed to appeal a final judgment directing a sale of the homeplace and later suffered a dismissal for failure to prosecute of an appeal challenging the trial court’s order requiring the parties to list the property for sale under certain conditions. A third order requiring the petitioner to execute the listing agreement was appealed and subsequently dismissed.
Although we believe the trial court’s previous orders cannot now be challenged by the petitioner, we conclude that the trial court had no authority to compel the petitioner to go through with a private sale of the property on terms contrary to those contained in the prior orders. Normally a trial court is limited in its authority to partition jointly owned property to those procedures set forth in Chapter 64, Florida Statutes (1977). Sullivan v. Sullivan, 363 So.2d 393 (Fla. 2d DCA 1978). However, here the trial court entered orders for the private sale of the property which may have been erroneous but nevertheless were entered in conformity with the court’s jurisdiction. The petitioner is now foreclosed from challenging those orders by reason of his failure to properly seek review of the orders, supra. The order challenged here, however, exceeded the terms of the previous order which directed that the property be listed for $83,000.00. The current order authorizes the sale of the property for $75,-000.00.
Accordingly, the petition for writ of cer-tiorari is granted, the order of May 23,1979, *972 is quashed, and the trial court is directed to conduct further proceedings not inconsistent herewith.
DOWNEY, C. J., ANSTEAD, J., and DAUKSCH, JAMES C., Jr., Associate Judge, concur.