PER CURIAM.
The St. Louis-San Francisco Railway Company (Frisco) appeals a judgment following a jury trial for damages incurred in an automobile-locomotive collision. The collision occurred at an unmarked grade crossing. Frisco raises four issues, three of which we find to be without merit.
However, we agree with appellant that § 627.7372(1), Florida Statutes (1977)[1] requires a jury instruction directing a reduction in the damage award by the amount received from the collateral source.[2] See Purdy v. Gulf Breeze Enterprises, Inc., 403 So.2d 1325 (Fla.1981), rehearing denied October 19, 1981; McKee v. City of Jacksonville, 395 So.2d 222 (Fla. 1st DCA 1981). A remittitur equal to the amount received from the collateral source is an appropriate remedy, avoiding the need for a trial on the issue of damages.
The judgment is AFFIRMED in part and REMANDED with instructions to enter a remittitur in accordance with this opinion.
BOOTH, LARRY G. SMITH and SHIVERS, JJ., concur.

. 627.7372 Collateral sources of indemnity.
(1) In any action for personal injury or wrongful death arising out of the ownership, operation, use of maintenance of a motor vehicle, the court shall admit into evidence the total amount of all collateral sources which have been paid to the claimant prior to the commencement of the trial. The court shall also admit into evidence any amount paid by the claimant to secure such collateral source.

. The section is now amended to expressly require this. Chapter 78-374, Laws of Florida.