452 So.2d 1069 (1984)
Allan R. MORING d/b/a Moring & Sons, Appellant,
v.
William G. LEVY, Appellee.
No. 84-85.
District Court of Appeal of Florida, Third District.
July 10, 1984.
Robert S. Appleton, Marathon, for appellant.
John W. Conlin, Marathon, for appellee.
Before NESBITT, DANIEL S. PEARSON and FERGUSON, JJ.
NESBITT, Judge.
Moring appeals from a second amended final judgment. Moring claims the court erred in failing to award him the costs of "extras" allegedly incurred by him while constructing a residence for Levy.[1] We reverse in part.
In his complaint, Moring listed a number of extras along with the amount owed for each, claiming entitlement to the sums listed. After a three-day nonjury trial which spanned nearly a year, the court found in favor of Moring. In its initial final judgment, the trial court awarded Moring the *1070 entire amount claimed for extras. Two years and six months after the entry of this judgment, the trial court entered a second amended final judgment[2] which, in effect, denied all of Moring's claims for extras. There is no indication in the record why the court made such an abrupt change in its findings two and one-half years later. We are required, however, to affirm this second amended final judgment if it is supported by the record.
Moring claims that the evidence submitted during the trial concerning the extras was uncontroverted. He argues, therefore, we must reverse under the rule in Florida that uncontradicted evidence should not be wholly disregarded or arbitrarily rejected, but should ordinarily be accepted as true. See City of St. Petersburg v. Vinoy Park Hotel Co., 352 So.2d 149 (Fla. 2d DCA 1977); Clements v. Plummer, 250 So.2d 287 (Fla. 1st DCA 1971); Bergh v. Bergh, 160 So.2d 145 (Fla. 1st DCA 1964). We agree and find that the trial court erred in summarily denying all Moring's claims for extras where a number of the claims were supported by uncontroverted evidence.
Unfortunately, the trial court made no findings of fact to assist us. As our sister court recently pointed out in Schmeck v. Sea Oats Condominium Association, Inc., 441 So.2d 1092, 1094 (Fla. 5th DCA 1983):
It is with great reluctance that we reverse a judgment after a trial on the merits. Such a judgment comes to us as presumptively correct, and we cannot overturn findings of fact where there is conflict in the evidence or testimony. Unfortunately for us the lower court made no findings of fact. That makes our review more difficult because we must look at the whole record and seek to uphold it, if possible, on any theory. [footnote omitted]
After a painstaking review of the transcripts of the three-day trial and the record on appeal, we find that the following extras claimed by Moring were uncontradicted by any evidence: extra painting ($179 for walls, $203 for vanities)[3]; tile for vanities ($242)[4]; installation of a necessary support pile ($130); plyform backing for wall ($58.80); truck rental ($170); miscellaneous material taken by Levy from an adjacent job site belonging to Moring ($328)[5]; overhead and profit charge relating to the Holding subcontract extra ($184.38); overhead and profit charge relating to the Green subcontract extra ($75.12)[6]; and the Farrey's Hardware charges exceeding the $500 allowance ($474.70). We find that it was error for the lower court to ignore the uncontroverted evidence regarding these claims, and accordingly, reverse for entry *1071 of judgment in favor of Moring on the claimed extras as set out above. See City of St. Petersburg; Clements; Bergh.
As to the other claimed extras the evidence was conflicting. We have previously held that:
[i]f the evidence supports the finding of the trial judge, it will be sustained upon appeal even though conflicting and contradictory evidence may be convincing to the appellate court. [citations omitted]
United States Fidelity and Guaranty Co. v. Darden, 338 So.2d 37, 38-39 (Fla. 3d DCA 1976), cert. dismissed, 353 So.2d 680 (Fla. 1977). Accord Brune v. Kings Creek of Gainesville, Inc., 317 So.2d 848 (Fla. 1st DCA 1975). See also Golden v. Golden, 434 So.2d 978 (Fla. 3d DCA 1983); Laufer v. Norma Fashions, Inc., 418 So.2d 437 (Fla. 3d DCA 1982); Mori v. Matsushita Electric Corp. of America, 380 So.2d 461 (Fla. 3d DCA), cert. denied, 389 So.2d 1112 (Fla. 1980). We find that the record supports the trial court's denial of recovery for the extras claimed by Moring which are not set out above in this decision.
Accordingly, the judgment under review is reversed with regard to the denial of recovery for extras where the evidence supporting the claims is uncontradicted. In all other respects the judgment is affirmed.
NOTES
[1] Moring was awarded contract damages in the amount due on the construction contract and that portion of the final judgment is not before us. The "extras" are those costs incurred for work or material which went beyond or was in addition to that which was contemplated in the construction contract.
[2] The first amended final judgment was entered five days after the initial final judgment and merely removed language in the judgment concerning foreclosure of a mechanic's lien. It did not change the amount awarded to Moring.
[3] Although the testimony concerning this extra painting ordered by Levy did not indicate the amount, the amounts are indicated on the August 7, 1973 letter admitted into evidence without objection or condition as plaintiff's exhibit # 4. We also reject Levy's best evidence objection relating to the painting order as it was not ruled on by the trial court and, thus, not preserved for appeal.
[4] Again, there was no testimony concerning the value of this extra, despite counsel's indication otherwise to the court at the beginning of the second day of trial. However, the August 7, 1973 letter sufficiently indicated the amount. See supra note 3.
[5] Levy never contested the fact that he took the material. Although he initially objected to the value, he ultimately conceded the point and cannot now complain. When asked whether $328 was a reasonable value for the material taken, Levy responded:

No, that isn't a reasonable value, but it would be near a third of that, but I'll allow it. [emphasis added]
(Record on Appeal at 342)
[6] Although Moring's testimony indicates the amount due for this extra is $450.12, the evidence clearly establishes that the $375 owed to Green was paid by Levy and, therefore, only the $75.12 overhead and profit charge of Moring remained. This is specifically noted on the August 7, 1973 letter. See supra note 3.