PER CURIAM.
Mrs. Sponholtz loses this appeal for reasons which have little to do with the overall merits of her case. Our affirmance is without enthusiasm.
The appeal is from an order determining the present value of the alimony claim of Mrs. Sponholtz, the decedent’s former wife. On the only reviewable point, we hold that the trial court did not abuse its discretion in relying on the testimony of the estate’s expert witness where the wife did not object to the qualifications of the expert, see Salomon v. National Car Rental System, Inc., 247 So.2d 101 (Fla. 3d DCA 1971), or offer testimony to contradict the expert’s opinion as to the present value of her claim. See Moving v. Levy, 452 So.2d 1069 (Fla. 3d DCA 1984).
Mrs. Sponholtz’ second point, based on a claimed entitlement to an increase in alimony, is not reviewable for the following reasons: (1) no orders were entered in accordance with the mandate after the Florida Supreme Court, in Sponholtz v. Sponholtz, 190 So.2d 572 (Fla.1966), reversed an award to Mrs. Sponholtz of a family-owned corporation but remanded for reconsideration of the alimony award; (2) an appeal to this court from an order denying Mrs. Sponholtz’ petition to modify alimony was voluntarily dismissed; and (3) no appeal was taken from a prior order granting the estate’s petition for approval of a single premium annuity, which order stated that an evidentiary hearing should be held to determine the present value of the wife’s alimony claim.
The order which is before us for review determines only the present value of the alimony claim, $33,365, and we find no error in that determination. Whether Mrs. Sponholtz is entitled to additional alimony was not an issue in the proceeding from which this appeal is taken. See Vetrick v. Hollander, 379 So.2d 970, 971 (Fla. 4th DCA 1979), rev. denied, 389 So.2d 1116 (Fla.1980); Elkins v. Elkins, 287 So.2d 119, 121 (Fla. 3d DCA 1973).
Affirmed.