ON MOTION FOR CLARIFICATION
DELL, Judge.
We grant appellant’s motion for clarification and withdraw our opinion filed October 28, 1987. We substitute the following:
This consolidated appeal arises out of a final judgment and an order denying appellants’ motion for a new trial on their claims of false arrest and false imprisonment.
Appellants made a purchase in appellee’s department store using appellant Ritzer’s travelers check. After appellants left the store the clerk became suspicious because the signatures on the check did not match. She notified the store’s security chief, Roz Dunlap. Dunlap filed a report with the sheriff’s office. A deputy met with Dunlap who told him that the travelers check was stolen. She. furnished him with a copy of the check. On the basis of this information, the deputy went to Ritzer’s grandmother's home where appellants were staying and placed them in handcuffs and brought them back to appellee’s department store. After interrogating appellants in the presence of store security, the deputy escorted them out of the office, took off their handcuffs and released them.
Appellants filed suit against appellee and the sheriff's department alleging claims for *49 false imprisonment, false arrest and malicious prosecution.[1]
The trial court permitted an expert witness to testify over appellee’s objection that the arrest would affect appellants’ future earning capacity and employability but refused to instruct the jury on diminution of earning capacity. The jury returned a verdict in favor of the appellants, awarding each of them $2,500 in compensatory damages and $2,500 in punitive damages. Thereafter the trial court granted appel-lee’s motion for a directed verdict on the punitive damage issue and entered a final judgment in favor of appellee upon being informed by appellee that the verdicts in favor of appellants were each subject to a $5,000 setoff.
Appellants raise three points on appeal. They claim the trial court erred when it entered a final judgment in favor of appellee; when it refused to give the standard jury instruction on loss of ability to earn money in the future; and when it granted appellee’s motion for a directed verdict on punitive damages. We do not need to address appellants’ first point on appeal since appellee has conceded error in the court’s judgment. We find no error in the trial court’s entry of a directed verdict on the issue of punitive damages. American Cyanamid Co. v. Roy, 498 So.2d 859 (Fla.1986); Hospital Corporation of Lake Worth & Hospital Corporation of America v. Romaguera, 511 So.2d 559 (Fla. 4th DCA 1987). However, the trial court should have instructed the jury on appellants’ claim for loss of future earning capacity.
Appellee argues that the trial court did not err in refusing to instruct the jury on diminished earning capacity because the expert’s testimony concerning appellants’ diminished future earning capacity should have been excluded in the first place. We disagree. An award of damages for diminution of earning capacity may be made upon a showing that the capacity to earn has been diminished as a result of the injuries received. Allstate Insurance Co. v. Shilling, 374 So.2d 611, 612 (Fla. 4th DCA 1979). Appellee did not object to the admission of the testimony based upon appellants’ failure to lay a proper predicate for the expert’s opinion by showing that an arrest had in fact occurred. Appellee argued in the trial court that the expert testimony should have been excluded because it dealt with facts so basic and well known that the testimony came within the common experience of the jurors. The record does not support this argument. Expert testimony may be used to show diminished earning capacity. See § 90.702, Fla.Stat. (1985); Gibson v. Metropolitan Life Ins., 381 So.2d 376 (Fla. 1st DCA 1980); Allstate Insurance Co. v. Shilling, supra.
Since the record contained evidence supporting a claim for diminished earning capacity, the trial court should have instructed the jury on this claim. Its failure to do so constituted error which requires us to reverse and remand this case for a new trial on the issue of damages only. Tilley v. Broward Hospital District, 458 So.2d 817 (Fla. 4th DCA 1984).
REVERSED and REMANDED for a new trial.
DOWNEY and ANSTEAD, JJ., concur.

. The sheriff settled and was dismissed from the suit. Appellants voluntarily dismissed their malicious prosecution claim.