COBB, Judge.
The appellant, Larry Hal Brown, was the defendant in a negligence action arising from an auto-pedestrian collision severely injuring one Joseph Mudrey.[1] The trial jury found Brown and Mudrey equally negligent, resulting in a judgment for Mary Louise Sisto, as the conservator of the property of Mudrey, as conservatee (hereinafter Mudrey), in the amount of $2,400,-000. Brown raises various points on appeal,[2] none of which do we find meritorious except the third: Whether the trial court erred by excluding Mudrey’s jail records “showing frequent and prolonged periods of incarceration where [appellee] claimed ... a loss of earning capacity.”
Mudrey pled a loss of earning capacity, and utilized expert testimony claiming that the aggregate monetary value of his lost wages and impaired earning capacity was some $400,000. The economic experts relied upon Mudrey’s sporadic employment in New York and Florida, without reference to interruptions occasioned by incarceration.[3] The trial judge granted a motion in limine excluding evidence, according to appellants’ brief, that Mudrey “had been arrested on no less than seven occasions ... [and] spent in jail almost five months of the fifteen months he had been in Central Florida.” Appellants argue these records were relevant to the issue of Mudrey’s earning capacity, and, in addition, urge that they should have been allowed to cross-examine Mudrey’s economic experts as to the effect of such incarceration on his earning capacity.
Appellants rely on Atlantic Coast Line Railroad Company v. Ganey, 125 So.2d 576 (Fla.3d DCA 1960). In Ganey the Third District held that it was within the *685 discretion of the trial judge to preclude inquiry as to a civil claimant’s criminal conviction and sentence to show that the plaintiffs future earnings had been materially affected because of the prejudicial nature of such testimony. There was no proffered evidence in Ganey, however, that the claimant had a sporadic employment history repeatedly interrupted by arrests and incarceration.
In Ritzer v. Jefferson Stores, Inc., 516 So.2d 48 (Fla. 4th DCA 1987), the plaintiffs in a civil false arrest claim were permitted to introduce an expert witness to testify that their arrest would adversely affect their future earning capacity and employa-bility, and this evidentiary determination was upheld on appeal. Although not directly on point in regard to the instant case, which concerns the weighing of prejudice against relevance, Ritzer does provide support for the appellant’s contention that an arrest record is relevant to employability. Cf. Maicke v. R.D.H., Inc., 37 Wash. App. 750, 683 P.2d 227 (Ct.App.1984) (felony convictions held admissible and relevant to issue of future earning capacity).
Under the facts of the instant case, we believe it was an abuse of the trial court’s discretion to allow extensive expert testimony in support of the plaintiff’s claim for impairment of earning capacity projected from a sporadic earning history and then exclude from jury consideration evidence that, based upon the 15-month period preceding the collision, plaintiff had multiple arrests and spent one-third of that period incarcerated. The excluded defense evidence in this respect was entitled to as much consideration by the jury as that introduced by the claimant, who raised the issue of earning capacity and argued it to the jury.
We affirm the judgment below in regard to liability, but reverse and remand for a new trial on the issue of damages.
AFFIRMED in part; REVERSED in part; and REMANDED.
ORFINGER, J., and UPCHURCH, F.D., Jr., Judge, Retired, concur.

. At the time of the accident, Brown was driving a vehicle with the permission and consent of its owner, Appellant Key Capital Corporation.

. In regard to the liability issue, we would refer counsel to our recent opinion in Gardella v. Stone, 507 So.2d 1228 (Fla. 5th DCA 1987).

. At the time of the accident, Mudrey had spent approximately one week in a cook training program. One expert based Mudrey’s future earning capacity upon the successful completion of this program, in which he was working thirty hours a week. The expert estimated that Mu-drey would be in the labor market approximately 32.2 years. The expert estimated that $14,-040.00 would represent Mudrey’s annual earning ability or capacity in the Central Florida area as a trained cook working in the restaurant field, and that Mudrey had the ability to earn that amount in the open labor market over the next 32.2 years. This testimony excluded consideration of jail time as an impediment to earning capacity.