537 So.2d 1085 (1989)
Sandra M. MAULDEN, Appellant,
v.
Bill A. CORBIN, Appellee.
No. 88-994.
District Court of Appeal of Florida, First District.
January 20, 1989.
Rehearing Denied February 28, 1989.
*1086 Jeffrey P. Whitton, Panama City, for appellant.
Edwin A. Green, II, Tallahassee, for appellee.
BARFIELD, Judge.
Sandra Maulden appeals an order awarding attorney fees and costs to Bill Corbin and denying her request for attorney fees for the successful defense of a counterclaim. She asserts that Corbin's fee claim should have been apportioned and only that portion relating to his successful claim should have been awarded, that Corbin was not entitled to an attorney fee for representing himself, that she should have been awarded fees for her successful defense of the worthless check counterclaim, and that the cost award is not supported by competent substantial evidence. We affirm the cost award, but reverse the trial court's rulings on the claims for attorney fees, and remand with instructions.
Maulden had retained Corbin, an attorney, to represent her in divorce proceedings, but they disagreed on acceptance of the husband's settlement offer. Maulden retained another attorney, and thereafter signed the settlement agreement.
After negotiating with Corbin regarding his claim for attorney fees, Maulden gave him a $10,000 check in settlement of the matter, but she subsequently stopped payment on the check and demanded an itemized statement of his hours, costs and expenses. Maulden refused to pay the $14,775 attorney fee Corbin claimed was due, and filed a complaint for a declaratory judgment as to the amount of the fee, admitting her obligation to pay Corbin reasonable compensation, but asserting that his demands were exorbitant.
Corbin responded with a four count counterclaim for breach of contract, unpaid wages, worthless check, and "conversion, replevin and treble damages, punitive damages." The trial court awarded Corbin $13,480 for breach of contract plus prejudgment interest, but denied the other counterclaims and reserved jurisdiction to determine the amount of a reasonable attorney fee for Corbin for "legal representation in these proceedings." Both parties sought attorney fees, Corbin based upon his contract and Maulden under section 68.065, Florida Statutes, based upon her successful *1087 defense of the worthless check counterclaim.
Corbin represented himself for nearly two years in this proceeding, then engaged an attorney, Ed Green, who obtained the final judgment several months later. Green's affidavit stated that he had spent 67.5 hours on the case; Corbin's affidavit stated that he had spent 100.3 hours on the case. Other attorneys filed affidavits stating that a reasonable fee for Green's services was $7,000 and that a reasonable fee for Corbin's services was $8,000-$10,300. Maulden presented an affidavit of an attorney which stated that a reasonable fee for her attorney's successful defense of the worthless check counterclaim was $10,000.
In its amended final order, the trial court reaffirmed the $13,480 it had awarded Corbin, amended the interest award to $3,572.24, awarded Corbin $15,000 in attorney fees "incurred in this litigation," ordered Maulden to pay Corbin more than $3,500 in costs, and denied Maulden's request for attorney fees.
We note at the outset that originally the sole dispute between the parties was the amount of the attorney fee owed, not Maulden's liability for the fee. This boiled down to a dispute over the amount of time which was reasonably expended by the attorneys and what that time was worth. We find it extraordinary that the determination of the amount of this fee was so immensely complicated that it took more than 160 hours of attorney time and more than $3500 in costs to figure out how to prove the number of hours Corbin expended in the divorce case and his regular hourly fee, and to obtain expert witnesses (other attorneys) to render an opinion as to the reasonableness of those hours and that fee rate.
We are of the opinion that the attorney fee awarded Corbin must be apportioned, for several reasons. We find that Corbin is entitled to a fee for representing himself, but only until he engaged Green to represent him, at which point Corbin became a client. Neither the contract between the parties nor any statutory provision authorizes reimbursement of a litigant, who is represented by counsel, for his own participation in the litigation in addition to payment of his attorney's fee.
Apportionment is also required because it is obvious that there was absolutely no basis for any cause of action other than the contract dispute. The trial court properly denied Corbin's other three counterclaims, and must on remand carve out from the attorney fee award any time devoted to these claims, which in the fairest light must be characterized as approaching frivolity and vexatious use of the legal system. We caution the trial court against appearing to sanction and reward such behavior by awarding a liberal attorney fee.
In evaluating the amount of time which was reasonably spent in the collection of the $13,480 attorney fee, careful scrutiny should be given to all the representations of Corbin and his attorney. Although we have indicated that Corbin cannot be compensated for his time after hiring Green, we note that Corbin's affidavit states he spent 6 hours in the FSU Law Library with Green on November 7, 1985, but that Green's affidavit makes no mention of any activity on Corbin's case on November 7, 1985.
We agree with Maulden that she prevailed on the "worthless check" claim and was therefore entitled, under section 68.065, to recover from Corbin her reasonable attorney fees. Although her attorney, Bill Hutto, did not file an affidavit and an itemized list of his time records, he did present evidence of the amount of a "reasonable fee" in the form of expert witness testimony. The expert's opinion was based upon a review of Hutto's file and Hutto's representation that he had spent a minimum of 100 hours in defending the "worthless check" aspect of the case.
The trial court's ruling on this claim was apparently based upon an erroneous construction of the statute, since its order recites that Maulden's check was not in fact dishonored because of lack of funds and "there was always sufficient funds to cover the check." Section 68.065 requires only that the party seeking attorney fees *1088 was "the prevailing party" in "any civil action brought for the purpose of collecting a check ..., the payment of which was refused by the drawee because of the lack of funds or credit," not that the allegations of such a complaint were in fact proven to be true. We therefore reverse the trial court's ruling on this issue and remand for reconsideration of Maulden's claim for attorney fees, including the taking of further testimony if necessary to that determination.
Since Maulden has not presented this court with a transcript of the hearing before the trial judge, she has not demonstrated that she timely objected to the affidavit upon which the cost award was based, thereby preserving that issue for appellate review.
AFFIRMED in part, REVERSED in part, and REMANDED for reconsideration of Maulden's claim for attorney fees and redetermination of the amount of the attorney fee awarded Corbin.
SMITH, C.J., concurs.
ZEHMER, J., concurs and dissents, with written opinion.
ZEHMER, Judge (concurring and dissenting).
I dissent on one point only. I would not affirm the cost award for lack of a record. Rather, I would also vacate the cost award and remand for reconsideration of the items in Corbin's affidavit of costs in light of the rulings made in the court's opinion. The only issue on Corbin's claim was the amount of fee due to him; there was no question of Maulden's obligation to pay a fee. The trial court obviously held a different view in ruling upon the motions for attorneys' fees, and thus must have applied this erroneous view in approving the costs assessed. For this reason, I do not believe appellant is accorded the full relief justice requires if we simply affirm the cost award for lack of a transcript of objections at the hearing.
In all other respects I fully concur with the court's opinion.