541 So.2d 1259 (1989)
MIAMI NATIONAL BANK, Appellant,
v.
Ricardo NUNEZ and Delores Nunez, Appellees.
No. 87-2556.
District Court of Appeal of Florida, Third District.
March 14, 1989.
On Motion for Rehearing May 9, 1989.
Tew, Jorden, Schulte & Beasley and Gregory P. Borgognoni and Osmer D. Batcheller, Miami, for appellant.
Greenberg, Traurig, Askew, Hoffman, Lipoff, Rosen & Quentel and Kendall Coffey, Daniels & Hicks and Patrice A. Talisman and Sam Daniels, Miami, for appellees.
Before NESBITT, BASKIN and LEVY, JJ.
PER CURIAM.
Appellant Miami National Bank seeks reversal of an order denying appellee Ricardo Nunez's liability under an alleged guaranty agreement and holding the bank liable for breach of contract and fraud as to Mr. Nunez and for malicious prosecution as to Delores Nunez, Mr. Nunez's wife. We affirm the trial court's determinations except as to the compensatory damages awarded appellee Mrs. Nunez. Because we find that neither the facts presented nor Florida law confirm the propriety of a portion of that award, we remand to the trial court the issue of compensatory damages due Mrs. Nunez for determination consistent with this opinion.[1]
The facts in part demonstrate that Miami National Bank chose to sue Mrs. *1260 Nunez on a personal guaranty despite: the bank's awareness that Mrs. Nunez was not a guarantor of the corporate indebtedness for which it sought payment; the bank's knowledge that Mrs. Nunez had revoked her guaranty of her husband's personal indebtedness; and the bank's cognizance of the legal effect of that revocation. See Miami Nat'l Bank v. First Int'l Realty Corp., 364 So.2d 873 (Fla. 3d DCA 1978), cert. denied, 376 So.2d 74 (Fla. 1979).
The compensatory damages awarded to Mrs. Nunez were composed of: first, the compensation due her for the mental suffering she incurred as a result of the bank's malicious prosecution of her; and, second, the compensation due her for services performed by Mr. Nunez to aid in his wife's defense against the bank's wrongful prosecution.
We do not doubt that it was within the trial court's discretion to award as it stated: "substantial damages for the years of mental suffering she (Delores) endured" as a result of the malicious prosecution. See Fla.Jur.2d False Imprisonment § 35, at 578 citing S.H. Kress & Co. v. Powell, 132 Fla. 471, 180 So. 757 (1938). However, the trial court additionally allocated some unspecified sum as compensation for the services performed by her husband in preparation for the initial litigation as to the guaranty. We find no precedent for awarding a litigant compensatory damages for her own or her spouse's participation in the preparation for litigation. See Maulden v. Corbin, 537 So.2d 1085 (Fla. 1st DCA 1989). We agree that if Mr. Nunez was a banking expert and acted in that capacity for his wife, she might be compensated for the reasonable value of the services he performed. See Maulden, at 1085; see also Behar v. Jefferson Nat'l Bank, 519 So.2d 641 (Fla. 3d DCA 1987), review denied, 531 So.2d 167 (Fla. 1988); Brinson v. Southeastern Util. Serv. Co., 72 So.2d 37 (Fla. 1954); Gamble v. Webb Quarterback Club, 386 So.2d 455 (Ala.App.), writ denied, 386 So.2d 459 (Ala. 1980); Vandersluis v. Weil, 176 Conn. 353, 407 A.2d 982 (1978).
In the instant case, however, Mr. Nunez's testimony indicates that Mrs. Nunez's claim for compensation included payment for forty hours her husband spent searching the family garage for documents and three hundred fifty hours he spent discussing the suit with his spouse and others involved in the litigation. The only evidence of these hours consisted of Mr. Nunez's self-serving, years after-the-fact testimony without benefit of any time records. Mr. Nunez claimed he spent those hours: "talking to the lawyers and putting papers together and talking to people and thinking about what the problem was and why the problem was ... getting loans to see if I could meet the payments of the lawyer[2] and going out and having a lot of personal problems."
We are not prepared to provide carte blanche approval to an award based on such a claim. Also, while lack of documentation does not bar compensation, inadequate documentation may require a reduction in the number of hours for which compensation is afforded. See Florida Patient's Compensation Fund v. Rowe, 472 So.2d 1145 (Fla. 1985); Asgrow-Kilgore Co. v. Mulford Hickerson Corp., 301 So.2d 441 (Fla. 1974); R.A. Jones & Sons, Inc. v. Holman, 470 So.2d 60 (Fla. 3d DCA), review dismissed, Ford Motor Co. v. R.A. Jones & Sons, Inc., 482 So.2d 348 (Fla. 1985). A successful claimant in a malicious prosecution action could conceivably be due expert fee compensation if she was forced to employ a banking expert, albeit her husband, in her defense; however, such a litigant should not be compensated for those hours during which her husband's actions were solely those of a devoted spouse.
In total, Mrs. Nunez claimed 400 hours for her husband's time at $150 an hour. Mr. Nunez indicated that he arrived at the $150 figure based on fees he received as an advisor to a health care facility and commissions he earned as a real estate salesman; he gave no testimony as to fees previously earned as a banking expert. *1261 The trial court's final order indicates that full compensation may have been made for the hours claimed. That final order reads in part:
While NUNEZ did not maintain strict records as to his time-keeping, his sworn testimony as to the number of hours expended and the value of his time are uncontradicted and, as such, should ordinarily be taken as true.
Miami National Bank objected to the introduction of Mr. Nunez's testimony as to the time he spent aiding in his wife's trial preparation. Additionally, the bank contradicted the claimed fees' propriety by arguing there was no malicious prosecution. Therefore, while the bank did not present any expert testimony as to the banking expertise required to defend against the bank's attempt to enforce Mrs. Nunez's guaranty, we do not find her claim to be uncontroverted. See Moring v. Levy, 452 So.2d 1069 (Fla. 3d DCA 1984). We conclude that it was an abuse of discretion for the trial court to award compensation for the services Mr. Nunez performed as a litigant's spouse.
Accordingly, we affirm in part; however, we reverse the trial court's order as to compensatory damages due Mrs. Nunez and remand for a new trial on that issue.

ON MOTION FOR REHEARING
Pursuant to motion for rehearing, we modify our prior opinion herein in regard to the remand for a new trial on compensatory damages due Mrs. Nunez and instead reduce the amount of the judgment entered below and direct the trial judge to enter a remittitur of $60,000, the amount claimed below for Mr. Nunez's expert services. This remittitur has been agreed to by the plaintiff/appellee. See Brown v. Sisto, 532 So.2d 683 (Fla. 5th DCA 1988); St. Louis-S.F. Ry. v. Sidberry, 406 So.2d 82 (Fla. 1st DCA 1981).
Except as to the remittitur, the judgment below is affirmed.
NOTES
[1] We note that based on Florida case law we can reverse and remand the compensatory award made by the trial court without requiring reexamination of the punitive award also made to Mrs. Nunez. See Ault v. Lohr, 538 So.2d 454 (Fla. 1989); Lassiter v. International Union of Operating Eng'rs, 349 So.2d 622 (Fla. 1976).
[2] Mr. Nunez's own testimony indicates that part of the 400 hours for which Mrs. Nunez sought compensation was spent by Mr. Nunez securing bank loans to finance his own litigation expenses, which were unrelated to the malicious prosecution claim.