576 So.2d 752 (1991)
TRANSFLORIDA BANK, a Florida Banking Corporation, Leonard E. Zedeck, Adam Kurlander, and Zedeck and Kurlander, P.A., Appellants,
v.
A. Matthew MILLER, Appellee.
Nos. 88-2462 and 89-2276.
District Court of Appeal of Florida, Fourth District.
February 20, 1991.
As Clarified on Denial of Motion for Rehearing April 1, 1991.
*753 Lawrence D. Bache, Harry T. Hackney and Richard D. Heller of Tripp, Scott, Conklin & Smith, Fort Lauderdale, for appellants.
Martin G. Brooks of Martin G. Brooks, P.A., and A. Matthew Miller, Hollywood, for appellee.
STONE, Judge.
We affirm a final order dismissing the appellants' second amended complaint for failure to state a cause of action but reverse a consolidated final judgment for attorney's fees. Appellants' claim is for the breach of an alleged fiduciary duty to "notify." Appellants rely solely upon a letter from appellee, an attorney for a third party, to create the duty. The trial court did not err by determining that the letter, on its face, does not support the allegation that a fiduciary duty to the appellant bank was created. See Schweitzer v. Seaman, 383 So.2d 1175 (Fla. 4th DCA 1980). Further, it was not an abuse of discretion to dismiss the cause with prejudice in the absence of a request for leave to amend, particularly as the facts as alleged do not support relief on another theory. See, e.g., Century 21 Admiral's Port, Inc. v. Walker, 471 So.2d 544 (Fla. 3d DCA 1985).
The primary issues on appeal involve attorney's fees awarded under section 57.105(1), Florida Statutes. As for those issues, we affirm in part and reverse in part. It was not an abuse of discretion to award the statutory fees for lack of a justiciable issue. Whitten v. Progressive Casualty Ins. Co., 410 So.2d 501 (Fla. 1982). However, we reverse as to the computation of those fees.
Following dismissal of the complaint, the trial court conducted an extensive evidentiary hearing and found a complete absence of justiciable issue of either law or fact. The court found that plaintiff and its counsel instituted and pursued the action, which the court deemed frivolous, in bad faith. The court found that the defense of the claim was made necessary by conduct deemed vexatious, oppressive, wanton, and designed to abuse the process of the court for the purpose of harassing the defendant. There is testimony in the record supporting the court's conclusions that the plaintiff's purpose in bringing the action was harassment.
However, the trial court erred by applying a contingency risk multiplier in computing the 57.105(1) attorney's fees. The fee agreement between appellee and his counsel was expressly made contingent upon a successful recovery under section 57.105(1). But we do not consider the contingency fee provisions of Florida Patient's Compensation Fund v. Rowe, 472 So.2d 1145 (Fla. 1985) applicable to fees recoverable under section 57.105(1). A case that is so patently frivolous as to cause counsel to undertake litigation for a fee that is solely contingent on a section 57.105 recovery cannot reasonably be treated as involving a risk that would support a multiplier. We consider this view to be consistent with the principles expressed in Standard Guaranty Ins. Co. v. Quanstrom, 555 So.2d 828 (Fla. 1990). In that case the supreme court recognized that imposition of a multiplier is not mandated, but that the trial court need only consider whether application is appropriate. In Quanstrom, the court noted that a significant factor supporting application of a multiplier is whether contingency agreements are customarily used in the type of circumstances involved and whether there is support in the record for a conclusion that the prevailing party would otherwise be unable to afford competent counsel.
Additionally, upon remand the trial court should closely examine the attorney's *754 fee awarded for the time appellee expended individually for his legal efforts. Fees for the appellee attorney's own services are to be limited to actual legal services and not awarded for time expended in his capacity as a compensation between appellee and his counsel. See Maulden v. Corbin, 537 So.2d 1085 (Fla. 1st DCA), rev. denied, 548 So.2d 662 (1989). See also Friedman v. Backman, 453 So.2d 938 (Fla. 4th DCA 1984).
Therefore, the judgment of dismissal is affirmed, the judgment as to attorney's fees is reversed, and the cause is remanded for further proceedings.
DELL and WARNER, JJ., concur.

ON MOTION FOR REHEARING
The order of this court dated February 20, 1991 on appellee's motions for attorney's fees is clarified by amending that order to provide that appellee is awarded attorney's fees on appeal for the defense of the issues in case number 89-2276. Attorney's fees on appeal are denied as to all issues in consolidated case number 88-2462.
ORDERED that Appellants' March 7, 1991 motion for rehearing or certification and Motion for Rehearing en banc are denied.