625 So.2d 1276 (1993)
Aviad VISOLY, Appellant,
v.
SECURITY PACIFIC CREDIT CORP., Appellee.
No. 93-490.
District Court of Appeal of Florida, Third District.
October 12, 1993.
Rehearing Denied November 23, 1993.
Friedlander & Associates, and Bruce Friedlander, Miami, for appellant.
Lapidus & Frankel, and Richard L. Lapidus, Miami, for appellee.
Before NESBITT, BASKIN and GERSTEN, JJ.
PER CURIAM.
Plaintiff appeals an order awarding defendant attorney's fees pursuant to section 57.105, Florida Statutes (1989), and awarding interest as of the date of the final judgment striking plaintiff's complaint. We affirm.
*1277 The trial court properly awarded defendant fees under section 57.105; the record demonstrates the absence of justiciable issues of law or fact, and that the court properly struck plaintiff's pleadings. Whitten v. Progressive Casualty Ins. Co., 410 So.2d 501 (Fla. 1982); Schwartz v. W-K Partners, 530 So.2d 456 (Fla. 5th DCA 1988).
In addition, the court properly awarded interest beginning on the date of the final judgment striking the pleadings. "Once the determination has been made by the trial court that there is a complete absence of a justiciable issue of law or fact, the award of attorney's fees to the prevailing party who properly moves for such fees is required." Wood v. Price, 546 So.2d 88, 90 (Fla.2d DCA), review denied, 553 So.2d 1166 (Fla. 1989). In this case, that determination occurred when the court entered final judgment striking the plaintiff's pleadings. The entry of that judgment triggered the defendant's entitlement for the payment of attorney's fees and fixed the date of loss for purposes of awarding interest. Mason v. Reiter, 564 So.2d 142, 147 (Fla.3d DCA 1990).
We are not persuaded by plaintiff's argument that Argonaut Ins. Co. v. May Plumbing Co., 474 So.2d 212 (Fla. 1985), bars the award of interest. Argonaut addresses prejudgment interest on damages awards. Argonaut does not address an interest award on section 57.105 fees commencing on the date of final judgment entitling defendant to those fees. Wood.
We also reject plaintiff's argument that the amendment to section 57.105(1) bars the award of interest in this case. Chapter 90-300, section 1, at 2387, Laws of Florida, added the following language to section 57.105(1): "If the court finds that there was a complete absence of a justiciable issue of either law or fact raised by the defense, the court shall also award prejudgment interest." Plaintiff correctly asserts that the amendment can be construed as a bar to awarding interest to a defendant; however, the assertion fails because the amendment became effective October 1, 1990, and may not be applied retroactively to this case, which commenced in May 1990. Schwartz; Love v. Jacobson, 390 So.2d 782 (Fla.3d DCA 1980). Accordingly, the interest award was proper, and is hereby affirmed.
Affirmed.