BLUE, Judge.
James J. Richardson appeals attorneys’ fees assessed against him and his attorneys under section 57.105, Florida Statutes. We affirm the entitlement to fees but reverse the *290 application of a multiplier to the fee award in this case.
During the pendency of an action in federal court, Richardson brought suit in state court against the opposing counsel and their expert witness. In a two-count complaint, Richardson claimed defamation and intentional infliction of emotional distress based on a press conference that released a report by the expert witness. After Richardson voluntarily dismissed this case, the trial court awarded attorneys’ fees to the defendants: $21,550.00 to Lyndi Gordon, Richard Nielson, and their firm, and $23,773.33 to Robert Mer-kle. We affirm the entitlement to a fee because the record reveals no basis for alleging that Gordon, Nielson or MerMe were involved in the report’s release; thus no jus-ticiable issues were presented as to these defendants.
We find error only in the computation of the amount of fees. A contingency risk multiplier should not be applied to an award of fees based on section 57.105. Transflorida Bank v. Miller, 576 So.2d 752 (Fla. 4th DCA 1991). Accordingly, we reverse. On remand, the trial court shall enter judgment for the lodestar amount it previously calculated absent the multiplier: $16,162.50 for Gordon, Nielson and their firm, and $17,830.00 for Merkle.
Affirmed in part, reversed in part and remanded.
PARKER, A.C.J., and QUINCE, J., concur.