DELL, Chief Judge.
This is the second appeal following the dismissal of a complaint filed by appellee, Transflorida Bank, against appellant, A. Matthew Miller. On August 12, 1988, the trial court found that the complaint presented no justiciable issues of law or fact and entered an award of attorney’s fees pursuant to section 57.105(1), Florida Statutes (1988), to both appellant and his attorney, Martin G. Brooks. In Transflorida Bank v. Miller, 576 So.2d 752 (Fla. 4th DCA 1991), this court reversed the award of attorney’s fees because the trial court applied a contingency risk multiplier in computing the amount of the fees awarded. The court also addressed the trial court’s finding regarding the amount of time expended by appellant as an attorney:
Additionally, upon remand the trial court should closely examine the attorney’s fee awarded for the time appellee [Miller] expended individually for his legal efforts. Fees for the appellee attorney’s own services are to be limited to actual legal ser-, vices and not awarded for time expended in his capacity as a client. Care must also be taken to avoid duplication of compensation between appellee and his counsel.
Id. at 753-54. On April 1, 1991, this court denied a motion for rehearing, but clarified its order awarding appellate attorney’s fees:
The order of this court dated February 20,1991 on appellee’s [Miller’s] motions for attorney’s fees is clarified by amending that order to provide that appellee is awarded attorney’s fees on appeal for the defense of the issues in case number 89-2276. Attorney’s fees on appeal are denied as to all issues in consolidated ease number 88-2462.
Id. at 754.
Upon remand, the trial court entered an order releasing funds from the court registry whereby appellant’s attorney was paid $14,-151 constituting his fee for the trial work and interest accrued from August 12, 1988. The court reserved jurisdiction to conduct a hearing with reference to attorney’s fees due appellant for his work at the trial and appellate levels and to appellant’s counsel for his appellate work. After four hearings on attorney’s fees over the course of more than a year, the trial court entered an amended final judgment containing the following findings:
The Court finds as to the reasonable appellate attorney fees to be awarded to Mr. Martin G. Brooks that the evidence presented was often conflicting and inconsistent; however, based upon the greater weight of the evidence the Court finds that 50 hours of attorney time was reasonably expended in the defense of the appeal and that $200.00 per hour would be a reasonable rate for such fees. Therefore the Court finds that $10,000.00 would be a *1366 reasonable fee to be awarded to Mr. Brooks in this matter.
Reasonable attorney fees to be awarded to the Defendant, A. Matthew Miller for acting as his own co-counsel at both the trial level and on appeal has been extremely difficult. The evidence presented shows that Mr. Miller is a very successful attorney in his own right; however, the expert witnesses who were called to testify by each of the parties as to Mr. Miller’s participation in this case as his own co-counsel as opposed to just a client, have been diametrically opposed. One expert testified Mr. Miller invested considerable attorney time in this case, and is entitled to a sizeable fee; while the other expert testified that Mr. Miller in reality only acted as a client and would be entitled to no fee. It is of course a very difficult line to draw as to whether when the client is in fact the lawyer himself, whether his input in the case should be considered as that of the client, or as that of the lawyer. In this case the Court finds that based upon the evidence presented, including the testimo-, ny of Mr. Miller, that Mr. Miller did put some time into both the trial level and the appeal as an attorney, and not just a client. Further the Court finds that a reasonable rate of $200.00 per hour, that Mr. Miller reasonably invested 6 hours of attorney time at the trial level, and 6 hours attorney time on the appeal. Therefore the Court finds that a reasonable attorney fee for Mr. Miller’s services at the trial level is $1,200.00; and the Court also finds that a reasonable fee for Mr. Miller’s services on the appeal would be $1,200.00.
The trial court did not award interest on the attorney’s fees.
Appellant contends the amended final judgment must be reversed because the trial court failed to make adequate findings concerning the time he and his attorney spent on this case. Appellant also contends the trial court erred in failing to award interest on the attorney’s fees for his trial work and on the attorney’s fees awarded to appellant and his attorney for their time at the appellate level. We hold that the trial court did not err and affirm the final judgment in all respects.
We reject appellant’s initial contention that the amended final judgment lacks sufficient findings to afford a basis for appellate review. The excerpt from the amended judgment that we have quoted herein dispenses with such argument. We also reject appellant’s assertion that appellee’s experts did not have an adequate evidentiary basis for their testimony. Furthermore, the record does not support appellant’s argument that the amended final judgment for attorney’s fees should be overturned because the trial court, after four hearings, rendered the decision seven months later. In our view, the record contains substantial, competent evidence that supports the trial court’s findings of fact and conclusions of law, and we therefore affirm the awards of attorney’s fees set forth in the amended final judgment to both appellant and his attorney.
Appellant next challenges the trial court’s failure to “award both pre-appellate interest from August 12, 1988 and post mandate interest from April 1,1991 ... as it had for [appellant’s] counsel, Martin G. Brooks, P.A....” In Novack v. Novack, 210 So.2d 215 (Fla.1968), the supreme court held that where a party secures a reversal of an award of attorney’s fees, it would be inequitable to allow interest to be charged from the date of the original award. In Gilmore v. Morrison, 341 So.2d 779, 780 (Fla. 4th DCA 1976), this court followed Novack and stated “that where the judgment of a trial court is modified upon appeal and not reversed, the modification stands as of the date of the original judgment, and interest accrues on the judgment as modified.” (emphasis added). In Miller, the previous appeal in the instant case, we did not merely modify the judgment of the trial court; we held “the judgment as to attorney’s fees is reversed.” 576 So.2d at 754. Therefore, the trial court properly denied appellant’s request for interest on his trial-level attorney’s fees from the date of the original judgment. However, the trial court’s award of interest to appellant’s attorney stands since appellee neither raised the issue below nor filed a cross-appeal.
*1367 Finally, appellant contends the trial court erred when it failed to award interest on the appellate attorney’s fees from the date of the mandate in the previous appeal. Appellee argues that the last sentence of section 57.105(1), Florida Statutes (1993), bars any award of prejudgment interest to appellant. The last sentence provides: “If the court finds that there was a complete absence of a justiciable issue of either law or fact raised by the defense, the court shall also award prejudgment interest.” (emphasis added). Appellee argues that because the instant case does not concern a lack of justiciable issue “raised by the defense,” appellant does not qualify for prejudgment interest. The sentence in question became effective as of October 1990. See Ch. 90-300, § 1, at 2387, Laws of Fla. That part of section 57.105(1) applies only to “actions instituted on or after that date.” Ch. 90-300, § 2, at 2387, Laws of Fla. Here, the action began on April 1, 1987. Therefore, the amendment to section 57.105(1) does not bar an award of prejudgment interest to appellant. On the other hand, it also does not establish appellant’s entitlement to prejudgment interest.
The supreme court in Argonaut Insurance Co. v. May Plumbing Co., 474 So.2d 212 (Fla.1985), provided the polestar for determining entitlement to prejudgment interest. The court stated:
Thus, since at least before the turn of the century, Florida has adopted the position that prejudgment interest is merely another element of pecuniary damages. While doing so; the Court recognized and rejected an alternative but traditional rationale — that prejudgment interest was to be awarded as a penalty for defendant’s “wrongful” act of disputing a claim found to be just and owing. This view is still the rule of some jurisdictions. The distinction between liquidated and unliquidated claims is closely linked to this “penalty theory” of prejudgment interest. To punish a defendant for failure to pay a sum which was not yet certain or which he disputed would be manifest injustice. But where the amount is certain and the defendant refuses to surrender it because of defenses determined to be meritless, the defendant may properly be punished for abuse of his privilege to litigate. Under the “loss theory,” however, neither the merit of the defense nor the certainty of the amount of loss affects the award of prejudgment interest. Rather, the loss itself is a wrongful deprivation by the defendant of the plaintiffs property. Plaintiff is to be made whole from the date of the loss once a finder of fact has determined the amount of damages and defendant’s liability therefor.
[[Image here]]
In short, when a verdict liquidates damages on a plaintiffs out-of-pocket, pecuniary losses, plaintiff is entitled, as a matter of law, to prejudgment interest at the statutory rate from the date of that loss.
Id. at 214-15 (citations omitted) (footnotes omitted). In Alvarado v. Rice, 614 So.2d 498, 499 (Fla.1993), the supreme court again made it clear that the loss theory shall be applied to determine entitlement to prejudgment interest:
It is well settled that a plaintiff is entitled to prejudgment interest when it is determined that the plaintiff has suffered an actual, out-of-pocket loss at some date prior to the entry of judgment. Argonaut Ins. Co. v. May Plumbing Co., 474 So.2d 212, 215 (Fla.1985). To date, cases recognizing a right to prejudgment interest have all involved the loss of a vested property right. See Argonaut, 474 So.2d 212 (holding that prejudgment interest is properly awarded in a case involving the negligent destruction of a braiding); Barnes Surgical Specialties, Inc. v. Bradshaw, 549 So.2d 1189 (Fla. 2d DCA 1989) (finding that a salesman has a right to prejudgment interest on commissions which were improperly withheld); International Community Corp. v. Overstreet Paving Co., 493 So.2d 25 (Fla. 2d DCA 1986) (ruling that a subcontractor has a right to prejudgment interest on a valid mechanic’s hen).
Appellant cites Inacio v. State Farm Fire & Casualty Co., 550 So.2d 92 (Fla. 1st DCA 1989), and Bremshey v. Morrison, 621 So.2d 717 (Fla. 5th DCA 1993), in support of his claim for prejudgment interest. In Inacio, the court reversed a trial court’s refusal to *1368 grant prejudgment interest on attorney’s fees awarded under sections 624.155 and 627.428, Florida Statutes (1987), because the prevailing party had become “obligated to pay his attorneys a fee immediately upon recovery.” The First District Court of Appeal determined that the date of recovery fixed the date of loss for prejudgment interest purposes. However, it does not appear that Inacio had in fact suffered an “out-of-pocket, pecuniary loss,” as required by Argonaut and Alvarado. Rather, it appears that the court may have awarded the prejudgment interest under the penalty theory as evidenced by their statement:
For us to rule to the contrary would be to penalize the prevailing party, Inacio, for State Farm’s delay in paying the attorney’s fees found due after their concession of liability upon settlement of the underlying claims; it would reward State Farm for continuing to contest Inacio’s reimbursement of attorney’s fees by allowing State Farm interest-free use of the money for more than a year.
Inacio, 550 So.2d at 97. Consideration of Argonaut’s loss theory likewise seems absent in Bremshey. There, the Fifth District Court of Appeal reversed an award of prejudgment interest due to the timing of the entry of the final judgment awarding the attorney’s fees. Bremshey cites to Inacio as support for its conclusion:
When a court makes a determination which triggers a party’s entitlement to an award of attorney’s fees, the date of this determination fixes the date for awarding prejudgment interest on previously incurred attorney’s fees, even though the actual amount of the award has not yet been determined.
Id. at 718.
The issue of interest on awards of section 57.105 fees has also been addressed by the Third District Court of Appeal in Visoly v. Security Pacific Credit Corp., 625 So.2d 1276 (Fla. 3d DCA 1993), rev. denied, 637 So.2d 239 (Fla.1994). In Visoly, the court approved the award of interest from the date of the final judgment striking the pleadings. The Visoly court concluded:
We are not persuaded by plaintiffs argument that Argonaut Ins. Co. v. May Plumbing Co., 474 So.2d 212 (Fla.1985), bars the award of interest. Argonaut addresses prejudgment interest on damages awards. Argonaut does not address an interest award on section 57.105 fees commencing on the date of final judgment entitling defendant to those fees. Wood.
Id. at 1277. Visoly appears to distinguish between the interest awarded therein and prejudgment interest. However, when a trial court attaches interest before entering the final judgment making the underlying award, that trial court has necessarily granted prejudgment interest. Thus, we must respectfully disagree with the assertion that Argonaut does not apply to awards under section 57.105.
In our view, the opinions in Inacio, Bremshey and Visoly conflict with the loss theory enunciated in Argonaut and Alvarado. These opinions also conflict with this court’s opinion in Temple v. Temple, 539 So.2d 564, 565 (Fla. 4th DCA 1989)[1], wherein this court held:
Prejudgment interest cannot be assessed since attorney’s fees do not constitute liquidated damages. Argonaut Insurance Co. v. May Plumbing Co., 474 So.2d 212 (Fla.1985). Interest is only assessable when a claim is for the plaintiffs out-of-pocket, pecuniary loss and there is a fixed date of that loss. The purpose in awarding such interest is to compensate a party for the deprivation of his property. Attorney’s fees are not liquidated damages, they are litigation costs. See NCN Electric, Inc. v. Leto, 498 So.2d 1377 (Fla. 2d DCA 1986); Grassland v. Taylor Woodrow Homes Limited, 460 So.2d 940 (Fla. 2d DCA 1984), rev. denied, 471 So.2d 43 (Fla. 1985); First American Bank & Trust v. Windjammer Time Sharing Resort, Inc., *1369 483 So.2d 732 (Fla. 4th DCA), rev. denied, 494 So.2d 1150 (Fla.1986).
Temple coincides with Florida’s long-standing adherence to the loss theory of prejudgment interest awards as established in Argonaut. Under the loss theory, until a party suffers the deprivation of a vested property right, that party is not entitled to prejudgment interest. Thus, a trial court may grant prejudgment interest only after a party exhibits a need to be made whole. The court’s focus must strictly be upon compensation, never reward or punishment. In the instant case, appellant failed to show an “out-of-pocket, pecuniary loss” as defined in Argonaut, and we hold that the trial court correctly denied appellant’s request for prejudgment interest in concord with the loss theory.
Accordingly, we affirm the trial court’s amended final judgment in all respects.
AFFIRMED.
GROSS, ROBERT M., Associate Judge, concurs.
PARIENTE, J., concurs specially with opinion.

. The Second District Court of Appeal recently adopted this court's holding in Temple. See Higley South, Inc. v. Quality Engineered Installation, Inc., 632 So.2d 615 (Fla. 2d DCA 1994), rev. granted, 642 So.2d 1362 (Fla.1994), and disapproved in part on other grounds, Tumberry Associates v. Service Station Aid, Inc, 651 So.2d 1173 (Fla.1995).