WARNER, J.
Appellant challenges a final summary judgment and an award of attorney’s fees in a cause of action for defamation and intentional interference with a business relationship. We affirm the final summary judgment but reverse the order applying a contingency risk multiplier to an award of attorney’s fees to appellee (“defendant”) entered pursuant to section 57.105, Florida Statutes (2000).
Although we approve the authority of the court to award fees under this section in this case, the trial court applied a contingency fee multiplier to enhance the fee award. There was no contingency fee agreement between the defendants and their attorneys. Most of the bills presented indicate the fees were billed to an insurance company which was undertaking the defense. The sole agreement was to pay on an hourly basis for services rendered. No risk of nonpayment was present.
*439 In Wolfe v. Nazaire, 758 So.2d 730, 733 (Fla. 4th DCA 2000), we disapproved the application of a contingency risk multiplier to fees awarded to a defendant in a negligence case based upon section 57.105. We noted that the determination of whether to apply a contingency risk multiplier requires three considerations:
(1) the relevant market requires a contingency risk multiplier in order to obtain competent counsel; (2) the attorney was unable to mitigate the risk of nonpayment in any other way; and (3) use of a multiplier is justified based on factors such as the amount of the risk involved, the result obtained, and the type of fee arrangement between the attorney and client.
Id. (emphasis added). Similarly, in Trans-florida Bank v. Miller, 576 So.2d 752 (Fla. 4th DCA 1991), we noted that a significant factor supporting application of a multiplier under section 57.105(1) is “whether contingency agreements are customarily used in the type of circumstance involved and whether there is support in the record for a conclusion that the prevailing party would otherwise be unable to afford competent counsel.” Id. at 753 (citing Standard Guar. Ins. Co. v. Quanstrom, 555 So.2d 828, 834-35 (Fla.1990)); accord Simmons v. Royal Floral Distributs., Inc., 724 So.2d 99, 99 (Fla. 4th DCA 1998).
Applying these factors to the instant case, no contingency risk multiplier should have been applied. No evidence was present that the attorneys were unable to mitigate the risk of nonpayment in any other way. In fact, there was no risk of nonpayment. The insurance company was paying the attorney’s fees. See Wolfe, 758 So.2d at 734 (Farmer, J., concurring). Because there was no risk of nonpayment and the fee arrangement was strictly an agreement to pay fees on an hourly basis, the use of a multiplier was not justified. See id.
We affirm the final judgment, reverse the award of attorney’s fees, and remand for entry of an award of attorney’s fees without application of the fee multiplier.
POLEN, C.J. and GUNTHER, J., concur.