DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**SAAD REMODELING & CUSTOM HOME BUILDERS, INC.,** and
**SAAD HOME, INC.,**
Appellants,

v.

**REYES FC SERVICES CORP.,**
Appellee.

No. 4D2023-1006

[December 20, 2023]

Appeal from the County Court for the Seventeenth Judicial Circuit, Broward County; Terri-Ann Miller, Judge; L.T. Case No. COSO21-000406.

Michael Garcia of Michael Garcia, P.A., Fort Lauderdale, for appellants.

Kristie Hatcher-Bolin of GrayRobinson, P.A., Lakeland, and Carlos Reyes of GrayRobinson, P.A., Fort Lauderdale, for appellee.

PER CURIAM.

*Affirmed.*

GERBER and CONNER, JJ., concur.
GROSS, J., concurs specially with opinion.

GROSS, J., concurring specially.

Appellants are general contractors. Appellee is a subcontractor who had been retained by appellants to perform certain work.

In the county court, the subcontractor filed a three-count complaint against appellants. Each count was based on a separate worthless check delivered by appellants for work done. The complaint sought relief under section 68.065, Florida Statutes (2018).[1]

---

[1] One of the checks was written in 2018 and two were written in 2020. For ease of reference, this opinion will use 2018 as the year of the statute, as the statute has not changed during those years.

The subcontractor voluntarily dismissed one count of the complaint. The trial court ruled in appellants' favor on a second count. On the third count, the trial court awarded the subcontractor $1,500 in damages and $4,500 in treble damages, pursuant to section 68.065(3)(a).

Appellants moved for an award of attorney's fees and costs pursuant to section 68.065, arguing that they were the prevailing party on two of the three counts of the complaint. The trial judge denied the motion for fees.

One reason that affirmance is proper is that section 68.065 does not authorize an award of fees to defendant makers or drawers of dishonored checks who ultimately prevail on a statutory claim. Section 68.065(3)(a) provides, among other things, that "[t]he maker or drawer [of a bad check] is also liable for any court costs and reasonable attorney fees incurred by the payee in taking the action." § 68.065(3)(a), Fla. Stat. (2018). Similarly, section 68.065(6), in describing a pretrial disposition of a case, says that "the maker or drawer is liable to the payee for all attorney fees and collection costs incurred by payee as a result of the payee's claim." § 68.065(6), Fla. Stat. (2018).

Thus, the plain language of the statutes makes fees recoverable only by the payee of a bad check, not by its maker or drawer. Appellants were the makers or drawers of checks upon which the lawsuit was based, not the payees. There was no statutory basis for an award of attorney's fees to them.

The predecessor of section 68.065, Florida Statutes, provided for attorney's fees to the prevailing party in a statutory civil action:

> In any civil action brought for the purpose of collecting a check, draft, or order of payment, the payment of which was refused by the drawee because of the lack of funds or credit, **the prevailing party in such action shall be entitled to recover from the non-prevailing party the prevailing party's reasonable attorney fees and costs of collection**.

Ch. 79-345, § 2, Laws of Fla. (codified at § 832.07, Fla. Stat. (1979)) (emphasis added).

However, under the 1986 amendments to both section 68.065 and section 832.07, only the maker or drawer of a check is made liable for court costs and reasonable attorney fees incurred by the payee in taking the recovering action. The reciprocal prevailing party attorney's fees

2

provision was completely removed in 1986, and this change has remained in force to the present day. *See* Ch. 86-89, § 1, Laws of Fla. (codified at § 68.065, Fla. Stat. (1986)) ("In any civil action brought for the purpose of collecting a check, . . . the payment of which was refused by the drawee because of the lack of funds, . . . [t]he maker or drawer shall also be liable for any court costs and reasonable attorney fees incurred by the payee in taking the action."); *see also* Ch. 86-89, § 2, Laws of Fla. (codified at § 832.07(1)(a), Fla. Stat. (1986)) ("[The maker or drawer] may be additionally liable in a civil action for triple the amount of the check, . . . court costs, [and] reasonable attorney fees . . . as provided in s. 68.065.").

Cases treating section 68.065 as a prevailing party attorney's fee statute are likely referring to the pre-1986 version of the statute. *See, e.g.*, *Maulden v. Corbin*, 537 So. 2d 1085 (Fla. 1st DCA 1989). As noted above, the current version of section 68.065 does not contain a reciprocal prevailing party attorney's fees provision.

I am aware of no statute that would override the specific language of section 68.065. Section 57.105(7), Florida Statutes (2018), applies to attorney's fee provisions in contracts "entered into on or after October 1, 1988," not to statutory provisions allowing for fees.

*        *        *

**Not final until disposition of timely filed motion for rehearing.**